Julia Ann Massoth, Administratrix, etc., Respondent, *v.* The President, Managers and Company of the Delaware and Hudson Canal Company, Appellant.

In an action to recover damages for the alleged negligent killing of plaintiff's intestate at a railroad crossing, the evidence showed that there were obstacles intercepting the view of the track from the highway upon which the deceased was approaching the crossing; and S., the employer of the deceased, who was in the wagon with him and was driving, testified that he looked in both directions and did not see the approaching train, which was moving very rapidly. Defendant's testimony tended to show that from a point on the highway, 150 or 160 feet from the track, a train could have been seen for some distance. Defendant's counsel requested the court to charge that there being no evidence affirmatively showing that the deceased either looked or listened or did any thing to guard against the dangers of the crossing, it was to be presumed that he did not look and was negligent. The request was refused. *Held,* no error; that the presumption was simply one of fact, and. that the question of contributory negligence was properly left to the jury.

*Wilcox* v. *R. and W. R. R. Co.* (39 N. Y., 358) distinguished.

It does not necessarily follow from the fact that a skilled engineer can demonstrate that, from a given point in a highway, the track of a railroad is visible for any distance; that an individual in charge of a team approaching the track is negligent because from the point specified he does not see a train approaching at great speed in time to avoid a collision.

As to whether, in such a case, a servant riding with his master, who is driving, is chargeable with his master's negligence, *quære.*

Irrespective of any ordinance or law regulating the speed of railroad trains at crossings, the running at an excessive rate of speed is negligence, and if a collision is caused thereby, the company is liable. As to whether the rate of speed is excessive or dangerous in the locality, is a question of fact for the jury.

Whether the violation of a municipal ordinance regulating the rate of speed is, as matter of law, negligence, *quære.*

An expression of opinion in a charge to a jury as to a question of fact, however decided, is not the ground of an exception, if no direction is given to the jury to find in accordance with such opinion, and the question is fairly left to them to decide upon their own judgment.

(Argued March 23, 1876; decided April 4, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department affirming a judgment in favor of plaintiff, entered upon a verdict.   (Reported below, 6 Hun, 314.)

This action was brought to recover damages for the alleged killing of plaintiff's intestate, Adam Massoth.   .

The accident occurred September 4, 1874, at a point where a street in the city of Cohoes crosses defendant's tracks.   The street crosses the railroad diagonally.   The deceased, who was in the employ of one Cornell Smith, was struck while riding on a load of hay with his employer, going south-easterly on said street ; the latter was driving.   He testified that he looked both ways as he approached the crossing, and saw no train ; that he listened also for the bell or whistle, but he heard none.   As he came near the crossing his horses sprang forward suddenly.   He tried to check them, but could not, and as they reached the track the wagon was struck by a train from the north.   Plaintiff's evidence tended to show that the train was moving at a very rapid and unusual rate of speed, variously estimated at from fifteen to twenty-five miles per hour.   It appeared that there were buildings along the street near the crossing, obstructing the view.   Plaintiff gave in evidence a city ordinance prohibiting the running of trains through, upon or across any of the streets of the city at a greater rate of speed than eight miles an hour.   A civil engineer in defendant's employ was called as a witness in its behalf.   He testified, in substance, that the first house, on the east side of Main street, north-east of the crossing, was 210 feet from the crossing and about thirty-five feet from the railroad, and then other buildings along, with spaces between where glimpses of the track could be obtained, and that passing down Main street toward the crossing at a point 158 feet therefrom he could see up the track north for 2,000 feet.

The defendant's counsel asked the court to charge, among other things, that in the absence of evidence that Massoth looked when they neared the crossing to see whether a train was approaching, it was to be presumed that he did not.

The court refused so to charge and said counsel duly excepted.

The court charged among other things as follows: " The first question then is, has the defendant been guilty of negligence? It is claimed on the part of the plaintiff that it was guilty of negligence, and mainly upon this ground. By means of this State chartering the city of Cohoes, it is authorized to pass ordinances regulating the speed of trains while passing through the city. In pursuance of the power given them by their charter, the corporation of the city of Cohoes passed an ordinance forbidding the running of trains at a greater rate of speed than eight miles an hour through the city. [As I understand the evidence in this cause, while there is some dispute as to the exact rate of speed those cars were running when they passed through, there is no difference in that they were running at a greater rate of speed than eight miles an hour. Witnesses on the part of the plaintiff, state that the speed was from fifteen to twenty, and I think one going as high as twenty-five miles an hour; while the witnesses on the part of the defence say they were running at the rate of from eight to ten miles an hour. While if this train were running over eight miles an hour, it was running at a greater rate of speed than it was authorized to run through the city, therefore it is evidence to be submitted to you that the company was negligent.] The amount or rate of speed may be somewhat important in discussing another branch of the case — upon the question whether the defendant has been guilty of negligence or not. [As I understand the evidence on the part of the defence, it confesses or admits that the rate of speed was greater than that which the ordinance of the city of Cohoes permitted. Submitting this to you, then, as a question of fact to be found by you, I submit to you that it seems fair to say that the company has been guilty of negligence.] * * *
[" There are a number of witnesses who have testified that the bell was rung and the whistle sounded, but this question is of less importance in this case, inasmuch as it is enough to find the company guilty of negligence if running at a greater

rate of speed than eight miles an hour. And as I understand the evidence on both sides it is a conceded fact that this train was running at a greater· speed than eight miles an hour, which was the speed fixed by the ordinance. So upon the question of the company's negligence, I think you will have no difficulty, though it is left as a question of fact for you."] Defendant's counsel duly excepted to those portions of the charge in brackets. Further facts appear in the opinion.

*Henry Smith* for the appellant. As there was no evidence that deceased either looked or listened, or that he did any thing to guard against the dangers of the crossing, it will be presumed that he did nothing. (*Wilcox* v. *R. and W. R. R. Co.*, 39 N. Y., 358.) The driver had no right to assume that the train would be run at a rate of speed in obedience to the city ordinance. (*Calligan* v. *N. Y. C. and H. R. R. R. Co.*, 59 N. Y., 651.) Both Massoth and Smith were guilty of negligence. (*Wilds* v. *H. R. R. R. Co.*, 29 N. Y., 325; *Baxter* v. *T. and B. R. R. Co.*, 41 id., 503; *McCall* v. *N. Y. C. R. R. Co.*, 54 id., 642; *Grippen* v. *N. Y. C. R. R. Co.*, 40 id., 44; *Havens* v. *Erie R. Co.*, 41 id., 296; *Wilcox* v. *R. and W. R.· R. Co.*, 39 id., 358; *Beiseigel* v. *N. Y. C. R. R. Co.*, 14 Abb. [N. S.], 32; *Reynold* v. *N. Y. C. R. R. Co.*, 58 N. Y., 248; *Weber* v. *N. Y.· C. R. R. Co.*, id., 451; *Gorton* v. *Erie R. Co.*, 45 id., 660.) The judge erred in charging the jury, that if defendant ran its train at a greater rate of speed than allowed by the city ordinance it was negligence *per se*. (*Brown* v. *B. and S. L. R. R. Co.*, 22 N. Y., 191, 198; *Cook* v. *N. Y. C. R. R. Co.*, 5 Lans., 404; *Beiseigel* v. *N. Y. C. R. R. Co.*, 14 Abb. [N. S.], 35; *Jelter* v.· *N. Y. and H. R. R. Co.*, 2 Keyes, 154; *McGrath* v. *N. Y. C.· and H. R. R. R. Co.*, MSS. op. Ct. Apps.; *Allis* v. *Leonard*, 58 N. Y., 288.) It was error to charge the jury that in the absence of any evidence upon the subject it was to be presumed that Massoth did not look out for the train. (*Wilcox* v. *R.·and W. R. R. Co.*, 39 N. Y., 358; *Potter* v. *Chadsey*, 16 Abb. Pr., 146.)

*Amasa J. Parker* for the respondent. The city ordinance, as to the speed of trains, was obligatory upon defendant, and it was negligence to disregard it. (*Beiseigel* v. *N. Y. C. R. R. Co.*, 14 Abb. Pr. [N. S.], 29; *Telter* v. *Harlem R. R. Co.*, 2 Abb. Ct. App. Dec., 458; 111 Mass., 136; *McGrath* v. *N. Y. C. R. R. Co.*, MSS. op. Ct. Apps.; *N. Y. Ins. Co.* v. *Walden*, 12 J. R., 519; 5 N. Y., 160; *Stettiner* v. *Granite Co.*, 5 Duer., 599; *Althof* v. *Wolf*, 2 Hilt., 345; *Bruce* v. *Westervelt*, 2 E. D. S., 441.) Whether the deceased was guilty of contributory negligence was a question of fact. (*Beiseigel* v. *N. Y. C. R. R. Co.*, 34 N. Y., 624; 47 id., 402; 46 Barb., 270; 18 How. Pr., 165; 19 N. Y., 341; 32 id., 601; *Filer* v. *N. Y. C. R. R. Co.*, 49 id., 47; *Weber* v. *N. Y. C. R. R. Co.*, 58 id., 451; *Hackford* v. *N. Y. C. R. R. Co.*, 53 id., 654; *Spooner* v. *Bklyn. City R. R. Co.*, 54 id., 730; *Acker* v. *Lansing*, 48 How. Pr., 384; *Mowry* v. *Cent. City*, 8 Alb. L. J., 125; *Sheehan* v. *Edgar*, id., 189; *Sherwood* v. *Merc. Co.*, 5 Hun, 115.) The driver had a right to suppose the train would not run faster than the limit allowed by law. (*Weber* v. *N. Y. C. R. R. Co.*, 58 N. Y., 451; *Jelter* v. *N. Y. C. R. R. Co.*, 2 Abb. Ct. App. Dec., 462.)

ALLEN, J. The instructions of the learned judge to the jury, in respect to the effect of the negligence of the intestate, or of Smith, his employer, contributing to the accident, were quite as favorable to the defendant as could be claimed in its behalf. The charge was very distinct, not only that any neglect of the deceased in looking for and avoiding collision with the cars of the defendant would defeat the action, but that the neglect and omission of Smith, the owner and driver of the team, in whose service the deceased was at the time, would have the like effect; that both were bound to see, if they could, the approaching train; that they were bound to look, and if by looking they could have seen the approaching train, they were bound to stop before reaching the track. The charge was, that the negligence of Smith was attributa-

ble to the deceased, under the circumstances of the case, and that any negligence upon his part, which contributed to the injury, would defeat the present action as effectually as would like negligence upon the part of the deceased. Of these instructions the defendant had no right to complain. Were it necessary to pass upon the question, I should hesitate, as did the learned judge upon the trial, in holding that the consequence of Smith's negligence could be visited upon the plaintiff and defeat the action, but it is not necessary to consider it.

The question of contributory negligence in cases of this character is ordinarily one of fact for the jury. It depends usually upon a variety of circumstances, and upon inferences from the facts proved, calling for the exercise of practical knowledge and experience, and is peculiarly within the province of a jury of twelve men. It is only where it clearly appears from all the circumstances, or is proved by uncontroverted evidence, that the party injured has, by his own acts or neglect, contributed to the injury, that the court can take the case from the jury and nonsuit the plaintiff. (*Lane* v. *The Atlantic Works*, 111 Mass., 136; *Weber* v. *The N. Y. C. and H. R. R. R. Co.*, 58 N. Y., 451; *Davis* v. *The Same*, 47 id., 400; *Hackford* v. *The Same*, 53 id., 654.) The instances in which nonsuits have been sustained by reason of the contributory negligence of the plaintiff, or the party sustaining injury, have been exceptional cases in which the court has adjudged that such negligence was conclusively established by evidence which left nothing, either of inference or of fact, in doubt or to be settled by a jury. (*Reynolds* v. *N. Y. C. and H. R. R. R. Co.*, 58 N. Y., 248; *Gorton* v. *The Erie R. Co.*, 45 id., 660.) The judge properly refused to charge as requested, that there being no evidence affirmatively showing that the deceased either looked or listened, or did any thing to guard against the dangers of the crossing, it was to be presumed that he did not look and was negligent. The case of *Wilcox* v. *The Rome and Watertown Railroad Company* (39 N. Y., 358), relied upon by the appellant's counsel to

sustain his exception to this refusal, only decides that, under the circumstances of that case, it was a fair and reasonable presumption of fact that the plaintiff did not look. The circumstances of this case are entirely unlike those in the case cited. Here there were obstacles to intercept the view of the track from the highway upon which the deceased was approaching it, and his companion and employer, Smith, testified that he (Smith) did look in both directions and did not see the approaching train. While the jury might have inferred that the deceased had not looked as he might have done for the approach of passing trains, it would have been error to hold that a legal presumption arose that the deceased did not so look, as is the duty of all when approaching railroad crossings, and had thus been conclusively shown to have been guilty of negligence contributing to the injury. Although there was proof tending to show that, from a point in the highway some 150 or 160 feet from the railroad track, an approaching train could have been seen for some distance, yet the jury, in connection with this fact, had evidence of the rate of speed at which this particular train approached the crossing, of the several buildings which obstructed the view of the track up to the point suggested, and that Smith, who was driving the team, did look up and down the track and saw no train, and heard no signal or sound of an approaching train ; and they also had the evidence of the manner in which Smith, with his team, approached the track, and the effort that was made to control the team and to avoid a collision ; and upon the circumstances and facts proved, and all the evidence, it was clearly for the jury to determine whether the collision and consequent injury was caused solely by the neglect or wrongful act of the defendant and its servants in charge of the train. It does not necessarily follow from the fact that a skilled engineer can demonstrate that from a given point in a highway the track of a railroad is visible for any distance, that an individual in charge of a team approaching the track is negligent because he does not from the same point see a train, approaching at great speed, in time to avoid

a collision; and it is not enough to disturb a verdict of a jury in this court, in which legal errors only can be corrected, that the questions of fact are doubtful and that a different result might have been reached. There was no error in the refusal to nonsuit on account of the alleged contributory negligence of the deceased or Smith, his employer.

The remaining question to be considered arises upon several exceptions to the instructions of the learned judge in respect to the negligence of the defendant, and his comments upon the evidence touching that part of the case. The negligence upon which reliance was placed by the plaintiff, and upon which we may assume that the verdict passed against the defendant, was the rate of speed at which the train was moving at and before the time of the collision. Irrespective of any ordinance or law regulating the speed of railroad trains, it was a question of fact whether the rate was excessive or dangerous in that locality, and if so found by the jury, and such excessive rate of speed caused the collision, the defendant was liable for the consequences. ( *Wilds* v. *H. R. R. R. Co.*, 29 N. Y., 315.) By an ordinance of the city of Cohoes, the validity and binding authority of which is not questioned, the defendant was prohibited from running its trains within the city limits " at a greater rate of speed than eight miles an hour." The evidence is very satisfactory that this particular train was running at a much greater rate of speed than that permitted by the ordinance. Whether a violation of this ordinance is necessarily an act of negligence, or such a wrongful act in violation of law as legally to charge the defendant with any injuries resulting from such act, may be regarded as an open question in this State. The decision in *Brown* v. *The Buffalo and State Line Railroad Company* (22 N. Y., 191) that a city ordinance regulating the speed of railroad trains was not admissible in evidence, for any purpose, in an action against a railroad corporation for negligently causing the death of an individual, was dissented from by Judges SELDEN, DENIO and CLERKE, and has been overruled. (*Jetter* v. *N. Y. and H. R. R. Co.*, 2 Abb. Ct. of App.,

458; S. C., 2 Keyes, 154; *Beiseigel* v. *N. Y. C. R. R. Co.*, 14 Abb. [N. S.], 29.) The actual decisions ,in this State have, however, only gone to the extent of holding that city ordinances of this character are competent evidence upon the question of negligence of railroad corporations, and with proof of a greater rate of speed than that prescribed, proper, with all the other evidence in the case, to be submitted to the jury for their consideration.` It has not been necessary in any case, in which the question has arisen, for the courts to go farther. In *Jetter* v. *New York and Harlem Railroad Company* (*supra*), there is a plain intimation that a municipal ordinance, passed by authority of the legislature, has the force of an express statute, and that every violator of it is a wrongdoer, and *ex necessitate*, negligent in the eye of the law, and that every innocent party injured by such violation is entitled to his civil remedy for such injury. This would make railroad corporations liable to the same extent for a disregard of a city ordinance regulating the rate of speed of trains, as for an omission of the statutory signals of sounding the whistles or ringing the bell at highway crossings. It is said in the same case that every man has a right to assume that others will obey the law, and not bring injury upon him by its violation. (See also, *Newson* v. *N. Y. Central Railroad Co.*, 29 N. Y., 283.) Judge Grover, in *Beiseigel's Case* (*supra*), in an opinion concurred in by all the members of this court, took the same view of the legal effect of a city ordinance upon the civil rights of the parties. In *Lane* v. *Atlantic Works* (*supra*), the jury were charged that a city ordinance forbidding the leaving of trucks in the street was proper to be considered by them upon the question of negligence, although not conclusive proof that the defendants were in point of fact negligent; that it was a matter of evidence, to be weighed with all the other evidence in the case. Upon an exception by the defendant to this ruling, the court in banc merely say: " This was sufficiently favorable to the defendants." In *McGrath* v. *New York Central and*

*Hudson River Railroad Company*,* recently decided and not yet reported, the same view is taken of the effect of an ordinance as did the judge upon the trial in the case last cited; but the judgment in the case did not necessarily decide that point; and, as before suggested, it must be regarded as an open question with us.

The dicta in the several cases in this court may be referred to the manner in which in each case the precise question involved was made, rather than as intended, as a committal on the main question. In Maryland it is held that, if a railroad company does not conform to city ordinances, providing certain safeguards in the use of its engines, it is not in the lawful pursuit of its business, and is responsible for any injury which it may occasion if the party injured be not in fault. (*Baltimore and Ohio Railroad* v. *The State*, 29 Md., 252.)

Within all the cases, if the judge merely submitted the ordinance in connection with the other evidence to the jury for their consideration, leaving it to them to give such effect to it as bearing upon the question of negligence as they should, under all the circumstances, deem it entitled to, there was clearly no error, and the exceptions to the charge and the comments of the judge upon the subject, are untenable. Whether he did more than this depends upon the interpretation of the instructions given. If the learned judge in his comments to the jury merely expressed his opinion in respect to the question of fact involved, and did not direct the jury to find in accordance with such opinion, but fairly left it to them to decide upon their own judgment, there was no error. A judge may, in submitting questions of fact to a jury, give his own impressions of the effect of the evidence and such impressions will not be the subject of an exception if the jury are given to understand that they are the judges who are to determine the facts upon their views of the evidence. A direction to the jury may be the subject-matter of an exception; the expression of a mere opinion is not. (*N. Y. Fire-*

* 63 N. Y., 522.

*man Ins. Co.* v. *Walden*, 12 J. R., 513; *Adams* v. *Rice*, 1 Seld., 155; *Ellis* v. *Leonard*, 58 N. Y., 288.) It cannot be denied that the comments of the learned judge upon the effect of the ordinance in connection with proof of the rate of speed at which the train moved, as evidence of negligence on the part of the defendant, was upon the very verge of the line which separates the expression of a mere opinion from an actual decision and positive direction. To say the least, the expressions of opinion were very decided, and, without being in terms a positive direction, were liable to be misunderstood; and, but for the declaration at the commencement and at the close of his comments upon this branch of the case, might possibly be regarded as an instruction to the jury that the defendant, by running the train at a rate of speed in excess of that permitted by the ordinance was, *ex necessitate*, negligent, and liable for the injuries resulting from that act, if the party injured was without fault. But he does not, in terms, so declare, and direct the jury to find the fact accordingly; and at the commencement of his remarks upon this part of the evidence, he expressly says to the jury that the evidence was submitted to them, that the company was negligent; *i. e.*, that the evidence was legitimate, as tending to prove negligence, and was to be considered by them. If he had intended to decide it as matter of law the evidence would not have been submitted to the jury for any purpose. Again, he says: "Submitting this to you, then as a question of fact, to be found by you, I submit to you that it seems fair to say that the company has been guilty of negligence;" an expression of opinion and a submission of the question coming far short of a direction. In concluding his comments upon the evidence as to the defendant's negligence he, in terms, expresses the opinion that the jury will have no difficulty, adding, however, as the final proposition, "though it is left as a question of fact for you." Reading the whole charge together, including the isolated remarks excepted to, it seems very clear that the judge did give the jury to understand that the question of negligence on the part of the defendant was

submitted to them for their decision.   This being so, and the city ordinance being submitted to them with the other evidence as bearing upon that question, but not as conclusive, there was no error in the parts of the charge excepted to; and it is not necessary to decide or intimate as to whether further effect might or might not have been given to the ordinance, and a violation of it as affecting the civil rights of parties injured by such violation.

The judgment must be affirmed.

All concur; CHURCH, Ch. J., concurring in result.

Judgment affirmed.