EDWARD HAWLEY, RESPONDENT. *v.* THE NORTHERN CENTRAL RAILWAY COMPANY, APPELLANT.

*Contributory negligence — when it is a question for the jury.*

The plaintiff, an engineer on defendant's road, was accustomed to run a freight train at about twelve miles an hour. The road was in a wretchedly bad condition from defendant's neglect to repair it, which fact was known, in a general way, to plaintiff. Promises had been made that the track should be put in repair. The plaintiff was ordered to run his engine, without any train, to a station, at a much higher rate of speed than was customary. He objected on the ground that the condition of the road made it unsafe to do so, but finally consented. The engine was thrown from the track and the plaintiff was injured. Plaintiff did not know of the particular defect by which his engine was thrown from the track and his injury occasioned.

*Held,* that the question whether or not plaintiff was guilty of contributory negligence in running upon the track, with knowledge of its defective condition, was one for the jury, and that a motion for a nonsuit was properly denied.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The action was brought by the plaintiff, who was formerly an employee of the defendant, as locomotive engineer, to recover damages for injuries sustained by him while running as such engineer, from his engine being thrown off the track by reason of the defective condition thereof. The evidence tends to show that at the time of the accident in July, 1872, the defendant's road was much out of repair and in bad condition, of which plaintiff had knowledge. At the time of the accident the engineer was, in pursuance of orders, running a locomotive, without cars

attached, from Canandaigua southward, and ran ahead of a passenger train. He was a freight engineer, and had run to Canandaigua with a loaded train.

Other facts appear in the opinion.

*G. M. Diven*, for the appellant.

*J. E. Dewey*, for the respondent.

BOARDMAN, J. :

This is an appeal from a judgment in favor of the plaintiff on the verdict of a jury. Plaintiff, an engineer of the defendant, while running an engine, was thrown from the track by reason of its bad condition and injured. This action was brought and recovery had for his damages. The evidence shows beyond doubt he knew of the unsafe condition of the track, and still continued in his employment and ran his engine. But there is no proof of his knowledge of the particular defect that threw his engine from the track, and was the direct cause of his injury. The counsel for the defendant claims that plaintiff cannot recover because, knowing the unsafe condition of the track, he voluntarily ran the risks incident to his duties, and continued in the employment; hence his own negligence contributed to, if it was not, the direct cause of his misfortune.

At the close of the evidence a motion for a nonsuit was denied. The court then asked counsel if there was any disputed question of fact to be submitted to the jury, except damages in case the court should hold that the plaintiff was entitled to recover. The plaintiff's counsel replied " no, sir." The defendant's counsel replied as follows : "My answer is, reserving all the rights which I have acquired under my motion for a nonsuit, and my exception to the denial of the motion, no, sir." The court thereupon directed counsel to go to the jury on the question of damages, only holding that under the evidence the plaintiff is entitled to recover. To this last holding and decision defendant excepted. The verdict was $1,000. Afterwards the parties " stipulated that the only question which shall be made in the Supreme Court or Court of Appeals, upon the appeal from the judgment in this

action, shall be upon defendant's motion for a nonsuit, and whether the plaintiff was entitled to recover at all, or go to the jury upon the question of his right to recover."

The sole question then is whether the defendant's motion for a nonsuit should have been granted. That motion was made upon the following grounds :

First. That the defendant was guilty of no negligence.

Second. That the proper officers of the company had not been notified of the defects so as to make defendant liable.

Third. That plaintiff cannot recover because he had full knowledge of the defects of the track, and having such knowledge, and the opportunity to judge, continued to run.

Fourth. That the injuries sustained were due to the risks incident to his employment.

Fifth. That the injury was due to the neglect of a fellow-servant engaged in the same general employment.

On the argument, however, the counsel for the defendant, conceding that its road at the time in question was in bad condition, urges only that the plaintiff had the same knowledge or means of knowledge as the defendant, and hence by continuing to run over it assumed all the risks ; and also that knowing its actual condition and making objections to running he yet voluntarily ran, and hence assumed the risks of accident. In short, it is insisted that plaintiff was guilty of contributory negligence, *as a question of law*, by continuing to run his engine under the facts established by the evidence.

This position, we think, cannot be maintained. Contributory negligence is ordinarily to be passed upon by a jury. It is only when the evidence of its existence is clear and uncontradicted that it becomes a question of law. Judge ALLEN, in *Massoth* v. *Del. and Hud. Can. Co.* (64 N. Y., 529), says : " It is only where it clearly appears from all the circumstances, or is proved by uncontroverted evidence, that the party injured has, by his own acts or neglect, contributed to the injury, that the court can take the case from the jury and nonsuit the plaintiff." He further says, the instances where nonsuits are granted in such cases are exceptional. In the same case in the Supreme Court (6 Hun, 314, 315), BOCKES, J., very clearly and justly states, in accord-

ance with the rule laid down in *Bernhard* v. *R. and S. R. R. Co.* (1 Abb. Ct. of App. Dec., 131), and *Weber* v. *N. Y. C.* (58 N. Y., 451) : "If there are inferences to be drawn from the proof which are not certain and uncontrovertable, they are for the jury." Now, starting from this recognized principle, let us examine the facts. The road was in wretchedly bad order by reason of defendant's neglect. That fact was known in a general way by plaintiff, but he had not that specific and accurate knowledge possessed by the employees of the company whose duty it was to care for and repair the track. (*Mehan* v. *S. and B. and N. Y. R. R.*, 6 Week. Dig., 362.) His ordinary duties were to run a freight train at about twelve miles an hour. On this occasion he was required to run his engine alone at a much higher speed. He insisted it was unsafe, but consented to go. Promises had been made that the track should be put in repair before and at this time. Other employees, with the same knowledge or means of knowlege, continued in the defendant's employ. (*Twomley* v. *Cent. Park, etc., R. R.*, 61 N. Y., 161; *Eppendorf* v. *Brooklyn, etc., R. R. Co.*, id., 195.) The particular defect by which the injury was caused was unknown to him. (*Mehan* v. *Syr., etc., R. R., supra.*) From these and other facts not noticed it was the duty of the jury, and not the court, to decide whether the plaintiff was justified in remaining in defendant's employ; whether he voluntarily assumed the risk of his occupation; whether he exercised ordinary prudence and care ; whether, in short, he was guilty of contributory negligence. In *Laning* v. *N. Y. C.* (49 N. Y., 521), such facts were submitted to the jury, and their verdict was sustained. Judge FOLGER, at page 534, says of such evidence : " It *may* constitute contributory negligence" to remain in the service. Again, at page 535, he says : "It is at his option ordinarily to accept or to remain in the service, or to leave it ; and if he remains, without promise of a change or other like inducement, *it is for the jury to say* whether or not he voluntarily assumes the risks   *   *   * whereof he has full and equal knowledge." Similar evidence was submitted to the jury in *Mehan* v. *S. B. and N. Y. R. R. Co.* (*supra*), and the verdict sustained. In *Kelly* v. *Silver Spring, etc., Co.* (18 Alb. Law Jr., 354 [S. C. of R. I.]), the dangerous

machinery was used by the employee, and all its dangers better known to him than to the company. He had used it for years, and the particular danger from which the injury sprung had existed to his knowledge for weeks, yet he had given no notice nor made any complaint. It was held that he must have consented to the peril of his employment. (In *Gisbon* v. *Erie R. R. Co.* (63 N. Y., 449), the injury arose from the employee being hit by the projecting roof of a depot while passing on a train. The defect was one which had long existed, and was as well known to the employee as to the company. It was held he assumed the risk, and that defendant was not liable. But ALLEN, J., adds that the danger in that case was incurred without necessity and of the employee's own motion. It was not done at the request of the defendant or its officers, or in pursuance of any special orders. Accordingly it was held that the employee was himself guilty of contributory negligence.

We think, upon the authorities cited, the question of plaintiff's contributory negligence was one of fact and not of law. The defendant's counsel waived the submission of it to the jury. Of course he cannot now complain that it was not submitted. He then insisted, and now insists, it was a legal question, and being wrong in that opinion he has raised no valid exception to the manner in which the case was disposed of at the circuit.

The judgment must, therefore, be affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.