JOHN MAHAR, PLAINTIFF, v. THE GRAND TRUNK RAILWAY COMPANY, DEFENDANT.

*Contributory negligence — when a question for the jury.*

When a railroad company stops a. long freight train úpon a street, where there are several tracks, and breaks it in two, leaving an interval of but a few feet between its cars, for the passage of travelers on the highway, and a traveler, picking his way along, as best he can, and using his eyesight steadily to apprehend the approach of cars, on the tracks, from either direction, receives an injury from a car suddenly "kicked" back and along one of the tracks, in such a manner as to escape his attention, the question of his contributory negligence should be submitted to the jury.

MOTION for a new trial, on exceptions ordered to be heard, in the first instance at the General Term, after a verdict in favor of the plaintiff.

The action was brought to recover damages for injuries sustained by the plaintiff, while crossing Tonawanda street, in . the city of· Buffalo.

Evidence was given tending to establish that defendant, by negligently "kicking" cars across that street, near Amhurst street, injured the plaintiff; and also tending to establish the amount of damages occasioned to him thereby. The only question presented by the appeal was, whether there was sufficient evidence to justify submitting to the jury the question, whether the plaintiff, at the time of receiving the injuries, was free from contributory negligence. The plaintiff was passing northerly along Tonawanda street, and found that a train of freight cars had been stopped across the street, and broken in two, a space having been left between the cars for teams and persons to pass, about the middle of the street. The plaintiff was struck by a car "kicked" from the Amhurst street side, and approaching his left, from the city or southerly side of Tonawanda street. He says : "I looked to the right and left and saw nothing coming, and heard no bell or whistle, except the one in my rear, and went along till the car coming from the left — from Amhurst street — struck me ; it was a freight car ; I did not notice the car at all until I was struck, except I felt a sort of shadow of a car just the instant I was

struck; I was knocked down and my hand got upon the track and was run over; there was no bell rung, and there was no man on the car that I saw; there was no locomotive attached to it; I am familiar with the locality; I was struck on the third track from the river side; there were buildings to the left which hid the view of the track towards Buffalo; there was the flag-house, the water-tank and the switch-house." On his cross-examination he said: "The engine that I watched as I was crossing over came from towards Tonawanda; I was struck on the left shoulder, and saw a shadow of it the instant it struck me; I jumped after I saw the engine and had passed before it; I looked both ways, to the left and then to the right, and saw nothing in either direction; I was hurt on the third track from the river; there were six tracks there in a bunch; after I passed through the space on the first track, there was nothing in my way to prevent my looking up and down the other tracks, no more than the train on the right side that would take my attention; after I got over the first track and over on to this track, I could look up the track, may be ten or twelve rods; I saw the cars way off, down to the left of me; I guess I was within a track or two of the Canada Southern track when I looked to the left; I looked twice to the left; the last time I looked to the left I was two tracks away, I guess; I was about two tracks away from the third track from the river; that was the track I got hurt on." He said: "When I passed the cars on the first track, I looked to my left and looked to my right; on the railroad lands there were buildings; there was a water-tank, a flag-house and a watch-house, and as you looked towards the south and looked up the railroad track, to see if anything was coming, those buildings would shade the sight a good deal and I could not see." It appeared the Grand Trunk engine was making up a train from its track and the Canada Southern track. The distance from Amhurst street crossing to Tonawanda street is about 100 feet. "It would take a couple of minutes to 'kick' a car back from the switch."

*John C. Strong*, for the plaintiff.

*E. C. Sprague*, for the defendant.

HARDIN, J.:

The defendant presents for our consideration, in this case, a single point, to the effect that the plaintiff did not show that he was free from contributory negligence at the time the injuries were received. Our attention is directed to *Reynolds* v. *The N. Y. Central and H. R. R. R. Co.* (58 N. Y., 248). In that case the school boy was killed while crossing a highway by a train of cars, and there was no evidence that he looked in the direction from which the train was coming, which struck and killed him. Ten feet from the crossing the engine might have been seen 750 feet.

It was held in that case that "the proof did not warrant the jury in finding that there was no negligence on the part of the deceased." This case before us is clearly distinguishable from that one, for the plaintiff has sworn that he did look to the " left " to apprehend, if possible, any approaching train. Besides, there is much better opportunity to ascertain the approach of a train in motion, than the approach of a car suddenly " kicked " along a switch, as in the case before us. So, too, *Cordell* v. *N. Y. C. and H. R. R. R. Co.* (6 Hun, 467), differs from the one before us, in respect to many of the facts attending the crossing. There was no positive evidence as to the acts of the deceased, up to the instant of the accident as in this case, yet it was held upon the evidence in respect to obstructions, and in respect to what the deceased was seen to do just before he was struck, in respect to ascertaining the approach of a train, that it was properly submitted to a jury to find whether, or not, the deceased was free from contributory negligence.

When a railroad company stops its long freight train upon a street and breaks it in two, so as to leave but a few feet for a traveler along the highway to pass between its standing cars, and he picks his way along as best he can, using his eyesight steadily to apprehend the approach of any other cars from either direction, and receives an injury from a car suddenly " kicked " out and along a track in such a manner as to escape his attention, the court cannot say, as a matter of law, that he was guilty of contributory negligence. (*Massoth* v. *Del. and Hud. C. Co.*, 64 N. Y., 530; *Haycroft* v. *Lake Shore and M. S. R. R. Co.*, id., 636).

The direct proof given by the plaintiff, as a witness, and the

facts and circumstances attending the location of the cars, the situation of the tracks, the extent of the obstructions, were such as to call for inferences which would support the conclusion that the party injured was free from negligence, or establish the contrary. (*Carr* v. *N. Y. C. and H. R. R. R. Co.*, 60 N. Y., 633; *Wood* v. *Village of Andes*, 11 Hun, 544.) The case was properly submitted to the jury. The motion for a new trial must be denied and judgment ordered for the plaintiff upon the verdict.

TALCOTT, P. J. and SMITH, J., concurred.

New trial denied and judgment ordered for plaintiff on the verdict.