### CONKLIN *v.* NEW YORK CENT. & H. R. R. CO.

*(Supreme Court, General Term, Second Department.* February 8, 1892.)

1. RAILROAD COMPANIES—ACCIDENT TO PERSON ON TRACK—INJURY FROM HAND-CAR.
    It is negligence in a railroad company to propel a hand-car past a station at the rate of 15 miles an hour, on a down grade, without bell or other notice of approach, at an hour when passengers are about to gather to take a train.

2. SAME—CONTRIBUTORY NEGLIGENCE.
    Plaintiff was struck by the hand-car while crossing the track to reach the station. Her view of the approaching hand-car was obscured by persons interposed, and the smoke and steam of a freight engine near by. *Held,* that the question of contributory negligence was properly submitted to the jury.

Appeal from circuit court, Rockland county.

Action by Jane Ann Conklin against the New York Central & Hudson River Railroad Company to recover damages for personal injuries. Plaintiff was struck by defendant's hand-car while she was crossing the railroad tracks at Tappan for the purpose of taking a train not then due. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Hoffman & Comesky,* for appellant. *Ashbel Green, (Calvin Frost,* of counsel,) for respondent.

PRATT, J. No argument is required to show that to propel a hand-car past a station at the rate of 15 miles an hour, on a down grade, without a bell or other notice, at an hour when passengers were about to gather to take a train, was negligence. The fact that a freight train was upon one track, in front of the station, discharging freight, and necessarily, to some extent, attracting attention and obscuring the view, renders the negligence more pronounced and striking. There is, therefore, no question as to the negligence of the defendant.

Upon the question of contributory negligence, it must be borne in mind that the plaintiff's view of the track would be somewhat interfered with by the persons who were between her and the hand-car. The smoke and steam of the engine would aid the obscurity, and all the incidents of a starting freight train would be liable, somewhat, to diminish the accuracy of plaintiff's vision and hearing. A hand-car is not only nearly noiseless, but is not

calculated to catch the sight. We do not think it can be said, as a matter of law, that the plaintiff was negligent. *Boll* v. *Railroad Co.*, (Sup.) 4 N. Y. Supp. 769, was a hand-car case, and, we think, well decided; and the court there point out the reasons why one might fail to discover a hand-car or to observe that it was in motion. Under the rule in *Massoth* v. *Canal Co.*, 64 N. Y. 524, contributory negligence of plaintiff could not be assumed by the court. That question was for the jury. New trial ordered. Costs to abide event. All concur.