(3 App. Div. 383.)

MILLIS v. GERMOND et al.

(Supreme Court, Appellate Division, Second Department. April 21, 1896.)

ASSAULT—DAMAGES—INSTRUCTIONS.

A charge, in an action for assault and battery, that "you will not have any trouble whatever in finding the full amount claimed, if you find the offense made out," not being qualified by an instruction that the matter was solely within the domain of the jury, is erroneous.

Appeal from circuit court, Dutchess county.

Action by Beanna Millis against Silas W. Germond and another. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

A. M. & G. Card, for appellants.
W. C. Albro, for respondent.

PER CURIAM. This action is to recover damages for an assault and battery alleged to have been committed by the defendants. It is necessary to discuss but one question on this appeal. On the question of damages the following was the charge of the court, and the whole of the charge:

"If you find the assault made as claimed by this plaintiff on the person of the plaintiff, we proceed to the question of damages. I think it will be conceded on the part of the defense— At any rate you will not have any trouble whatever in finding the full amount claimed, if you find the offense made out. You cannot give more than one thousand dollars, because one thousand dollars is all they ask."

The defendants excepted to that part of the charge wherein the court said, "You will have no trouble in finding the full amount claimed." The jury rendered a verdict for $1,000, which was the amount of damages claimed in the complaint.

The mere expression by the judge of his opinion on the credibility of testimony, or a question of fact involved in a case, is not error, if the jury are fairly informed that the determination of such questions is wholly within their province. Massoth v. Canal Co., 64 N. Y. 524; Sindram v. People, 88 N. Y. 196; Hoffman v. Railroad Co., 87 N. Y. 25. At the same time it is stated in the cases cited that, in view of the regard which is paid by the jurors to the opinions of the judge, in cases of conflicting evidence he should use great caution in expressing his opinion. In the present case the jury was told that it would have no trouble in finding the full amount claimed, if it found the offense made out. This charge was not qualified by any instruction that the matter was solely within the domain of the jury; nor, when the defendants excepted to the charge of the court, was any further direction given the jury. The jury followed the advice of the court, and returned a verdict for the full amount. We are of opinion that the language used by the court was at least susceptible of interpretation by the jury as an instruction to find the amount claimed. In the case of Massoth v. Canal Co., supra, the court charged:

"So upon the question of the company's negligence, I think you will have no difficulty, though it is left, as a question of fact, to you."

Commenting on this, Judge Allen writes:

"It cannot be denied that the comments of the learned judge * * * were upon the very verge of the line which separates the expression of a mere opinion from an actual decision and direction."

But it was held that the qualification, "though it is left, as a question of fact, to you," saved the charge from error. Here the instruction given by the court is at least as positive as that in the case cited, and it lacks the saving grace of the caution to the jury that it was left to them, as a question of fact.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide event.