ALBRECHT v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

1. RAILROADS—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE — EVIDENCE.
    Deceased, who attempted to cross defendant's tracks to take a south-bound train, was killed by a north-bound train as he stepped on the track. The night was dark and stormy, and deceased looked first to the south, and then to the north, before attempting to cross. The testimony as to how far the headlight of the north-bound train could be seen was conflicting, and the view was obstructed by telegraph poles and freight cars on the side track. *Held*, that deceased was not guilty of contributory negligence as a matter of law.

2. SAME—INTERESTED WITNESS—CREDIBILITY—WEIGHT OF EVIDENCE.
    Where, in an action against defendant for the death of plaintiff's intestate, some of the defendant's witnesses were its employés, it was proper to instruct the jury that they might reject the testimony of a witness who was interested in the result of the verdict, either by way of gain or to avoid liability or censure for the accident, even if the testimony were uncontradicted, and the credibility of the witness not directly impeached, should they believe that the testimony was prompted by the witness' interest, rather than by an endeavor to tell the truth.
    Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by Elizabeth Albrecht, as administratrix, against the New York Central & Hudson River Railroad Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

The court instructed the jury that "a witness who has an interest in the result of the verdict, either by way of gain expected or to avoid liability or censure for the accident, gives testimony which you are at liberty to reject, even if uncontradicted, and though the credibility of such witness may not be directly impeached, should you believe that the testimony was prompted by the witness' interest, rather than by an endeavor to tell the truth."

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, Mc-
LAUGHLIN, and INGRAHAM, JJ.

Charles C. Paulding, for appellant.

Otto Horwitz, for respondent.

HATCH, J.   There can be no doubt but that the evidence in this
case justified the verdict of the jury in so far as the question of
the defendant's negligence contributing to the injury is concerned.
The question of the contributory negligence of the deceased, how-
ever, is much closer, and approaches near to the border line.
Yet, upon the whole, we think that sufficient appeared to carry the
case to the jury upon this question.   It would serve no useful pur-
pose to set out in detail the process by which we reach this con-
clusion.   It is sufficient to say that the testimony upon the part of
the plaintiff authorized a finding that the deceased, before attempt-
ing to cross the tracks at the point where he was invited to cross
by the defendant, looked south in the direction from which the
train which struck him was coming.   After looking to the south,
he turned and looked to the north, from which direction the train
he was to take would come, and which was shortly due.   A witness
for the plaintiff testified that, standing in about the position occu-
pied by the deceased when he looked to the south, the cars stand-
ing upon the side track so far obstructed the view of the track that
a train upon the first curve of the track south of the station would
not be visible.   A witness for the defendant, making an observa-
tion from about the same position, testified that for a distance of
over 3,000 feet some part of the train was always in view until it
passed the station; the obstruction consisting of telegraph poles.
We here have a direct statement that the train was not visible, and
a statement authorizing an inference that as to some part of the
train the view was obstructed.   If a view of a part of the train
could be obstructed, it is quite possible that when the deceased
looked the headlight was not visible, and it is quite within reason
to say that, if the headlight was not visible when he looked, the de-
ceased would not be apprised of its approach.   The night was
stormy, snowing, raining, and foggy.   That such weather would to
some extent obstruct the view is clear.   All of these questions, it
is true, were sharply contested, but the force to be ascribed to the
evidence bearing upon them was for the jury.   It does not appear
clearly what the distance was from the point where the deceased
made his observation to the point where the train was at that time,
south of the station.   It is evident, however, that it could not have
been a much greater distance away than 500 feet, which would be
about the distance to the point where plaintiff's witness says it was
not visible, or where the headlight was obstructed, as might be in-
ferred.   The act of the deceased in looking to the south, and then to
the north, as described by the witnesses who observed him, could
not have occupied a longer period than 7 or 8 seconds.   As the
train was running at the rate of 40 miles an hour, it would run ap-
proximately about 500 feet during this time.   As the deceased fin-
ished his observation to the north, and stepped upon the track to

cross, he was immediately struck. Under these circumstances, we do not think that the court would be justified in saying, as matter of law, that the deceased was guilty of contributory negligence in failing to make himself aware of the presence of the train by which he was struck. To so say we think would contravene the rule of law announced by the court of appeals in Miles v. Railroad Co., 86 Hun, 508, 33 N. Y. Supp. 729, affirmed in 155 N. Y. 679, 50 N. E. 1119, and Zwack v. Railroad Co., 160 N. Y. 362, 54 N. E. 785. It is true that in the last case the injured person was an infant, yet the court say that the facts of the case would have required a submission of the case to the jury had he been an adult. As we view that case in its facts, it is as strong upon which to found contributory negligence as are the facts of the present case. See, also, Massoth v. Railroad Co., 64 N. Y. 524, which has been continuously to the present time cited with approval by all the courts. We think, therefore, that this case was properly submitted to the jury, and that the verdict rendered thereon must be upheld. We find no error in the charge to the jury respecting the weight to be given the testimony of interested witnesses. Such charge is supported in Berzerizy v. Railroad Co., 19 App. Div. 309, 46 N. Y. Supp. 27. The judgment should therefore be affirmed, with costs.

RUMSEY, INGRAHAM, and McLAUGHLIN, JJ., concur.

VAN BRUNT, P. J. I dissent. I think the evidence clearly shows that the train must have been visible when the deceased stepped on the track, as he was struck immediately upon stepping on the track, and, had he then looked, he must have seen it.