THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MICHAEL BILANCHUK, Defendant.

Supreme Court, Special Term, New York County, April 12, 1951.

*Frank S. Hogan, District Attorney* (*Charles W. Manning* of counsel), for plaintiff.

*Charles Forster* for defendant.

COHALAN, J. The defendant, then a policeman, was convicted in the Court of General Sessions of the crime of assault in the third degree. He is a first offender. A barroom brawl in which he and the complaining witness participated was continued on the adjoining sidewalk. The complainant was shot by the defendant, who claimed he did so in self-defense.

The principal grounds on which a certificate is asked are: (1) error in permitting certain cross-examination of the defendant, including questions as to his record as a policeman; (2) undue participation by the Judge presiding in the cross-examination of the defendant and his witnesses.

The court is familiar with the case of *People* v. *Webster* (139 N. Y. 73) holding that a defendant in a criminal action offering himself as a witness, is not exempt from the operation of the rule, that a witness may be specially interrogated upon cross-examination in regard to any vicious or criminal act of his life, and may be compelled to answer unless he claims his privilege; he is a witness for all the purposes for which a witness may lawfully be examined in the case. The extent to which such disparaging questions may be put is discretionary with the trial court, and its rulings are not subject to review, unless it appears that the discretion was abused. (Headnote.) And with *People* v. *Sorge* (301 N. Y. 198) in which it was held that a defendant may be questioned as to any vicious or criminal act of his life that has a bearing on his credibility as a witness even though said acts are similar to the crime charged and, if asked in good faith, the questions are not rendered improper merely because of their number. (Headnote.)

Pertinent also is the holding in *Finan* v. *New York Central & H. R. R. R. Co.* (111 App. Div. 383, 386) to the effect that judges are, under our law, a light and a guide to juries.

Despite these decisions, I am of opinion that the right of the defendant to a fair and impartial trial may have been seriously impaired. The questions asked came from a written record of the police department. In each instance the charge appearing in the record was denied by the defendant at the time the charge was made. An attack on credibility is a collateral matter. The cross-examiner is bound by the answer. Both the District Attorney and the Judge knew from the record not only the nature of the charges made but also the denials interposed by

the defendant. It was reasonable to suppose that the same answers would be given by the defendant when the same questions were asked at this trial. After the first question was asked further procedure along this line could have been prevented had the Judge examined the record in the absence of the jury and ruled against the asking of the questions. It is true that his charge as to questions admitted or overruled correctly states the law on the subject, but where the defense is self-defense questions which necessarily suggest to the jury the conclusion that the defendant was lacking in self-control and unnecessarily quarrelsome, may well create in their mind an atmosphere which would be sufficient to resolve the question of self-defense against the defendant. When to this atmosphere is added the activity of the judge presiding in himself asking probing questions tending to stress the defendant's bad record in the police department, a situation is created which may warrant the attention of the appellate courts and which, in their opinion, may necessitate a new trial. The duty of this court on these applications has been well expressed by Mr. Justice GAYNOR in *People* v. *McLaughlin* (13 Misc. 287, 288): " The law does not cast upon me the duty of concluding whether error was actually committed in the defendant's case. On the contrary, the statute is that if any assigned error give rise to ' reasonable doubt whether the judgment should stand ' it is my duty, without going further, to grant a certificate of reasonable doubt to operate as a stay of the judgment pending appeal."
To the same effect: *People* v. *Hummel* (49 Misc. 136, 137); *People* v. *Hines* (12 N. Y. S. 2d 454), and *People* v. *Mullens* (N. Y. L. J., July 12, 1941, p. 98, col. 6).

Motion granted. Amount of bail to be fixed in order, which will be settled upon notice.