## JEFFRIES and Others *v.* MACCOWN.

GRAVEL ROAD.— *Way.— Trespass.*—A proceeding in regular form before a justice of the peace to obtain the right of way for a gravel road company resulted in a judgment on the report of the jury, that no damages would be sustained by the owner of the land. From this judgment the owner appealed to the circuit court, where, on his motion, the cause was dismissed over the objection of the company, and the company appealed from the judgment of dismissal to the Supreme Court. Pending this appeal, the owner sued the company for trespass.

*Held,* that the proceeding before the justice gave the right of entry, which the order of dismissal could not divest.

SAME.—*Estoppel by Record.*—It may be that but for the appeal to the Supreme Court the company would have been estopped by the judgment of dismissal from showing that the proceeding before the justice was regular.

APPEAL from the Hendricks Common Pleas.

GREGORY, J.—The appellants sued the appellee in the court below for trespass to land.

The defendant answered: 1. The general denial. 2. That the defendant did enter upon the land of the plaintiffs and did the acts complained of, but that the plaintiffs were in nowise damaged or injured thereby, and ought not to maintain their action against the defendant therefor, because the latter did so enter upon the lands and do the acts complained of as the agent of, and under the authority from, The Danville and North Salem Gravel Road Company, a corporation duly organized under the laws of Indiana for the construction of gravel roads; that the company had, before the commission of any of the grievances complained of, located the road across the lands of the plaintiffs, as described in the complaint, and demanded of the plaintiffs the right of way over the same, and had offered to pay any damages they might sustain, and had thereafter, upon the refusal of the plaintiffs, given notice to Enion Singer, a justice of the peace of the township wherein the plaintiffs resided, and instituted proceedings before him to obtain the right of way over the lands, and to assess the damages

of the plaintiffs, if any, by reason of the construction of the gravel road upon the lands; that in the proceedings parties were summoned to assess the damages of the plaintiffs, who reported that no damages would be sustained by them, whereupon the defendant, under the authority and appointment of the company, proceeded in the construction of the work, and in so doing, did the acts complained of, necessarily, and without damages to the plaintiffs equal to the benefits derived from the road; that the plaintiffs, on, &c., appealed the case from the justice to the Hendricks Circuit Court, and on their motion, and over the objection of the company, the cause was dismissed, and from the dismissal the company appealed to the Supreme Court, which appeal was still pending, and not disposed of. A certified copy of the record was filed, showing, among other things, that the proceeding before the justice of the peace was regular, fully complying with the requirements of the statute.

A demurrer was overruled to this paragraph of the answer. The appellants stood by their demurrer, and final judgment was rendered for the appellee. This presents the only question in the case.

It is contended by the appellants that the order of the Circuit Court dismissing the cause put an end to the proceeding to condemn the right of way, and left the defendant a trespasser *ab initio*; and that the appeal to the Supreme Court left the judgment of dismissal in full force, with all its consequences.

It is claimed by the appellee, on the contrary, that an offer to pay the damages, if any, and the proceeding before the justice, authorized the company to proceed with the work, and that the appeal did not suspend that right.

The statute provides that, "in case of appeal from the judgment of any justice of the peace, upon any report of any jury for the appraised amount of damages, touching the right of way, or for lands taken for the purpose of constructing thereon the road of such company, as provided in this act, such appeal shall not prevent such company

from proceeding in the construction of its road over such lands, nor deprive it of its right of entry thereon for that purpose, which right is hereby expressly granted." 1 G. & H. 476, sec. 9.

The company is not in fault; the case was dismissed over its objection; an appeal was without delay prosecuted. It is true that an appeal to the Supreme Court only suspends action on the judgment; but in the case at bar, the proceeding before the justice gave the right of entry; the order of dismissal could not divest that right. It may be that the company would have been estopped by the judgment from showing that the proceeding before the justice was regular, but for the appeal to the Supreme Court.

Any other construction of this statute would work great harm. A gravel road company would never be safe in proceeding with its work until after the final determination of the litigation to condemn the right of way. A single case involving the right to enter on a very small lot might suspend a public improvement for years. The court below committed no error in overruling the demurrer.

The judgment is affirmed, with costs.

*C. C. Nave,* for appellants.

*L. M. Campbell,* for appellee.