| 33 | 335 |
| 128 | 141 |
| 128 | 521 |

---

## KEICHER v. THE KILLBUCK TURNPIKE COMPANY.

TURNPIKE.—*Right of Way.—Estoppel.—Recovery of Real Estate.*—A proceeding was instituted before a justice of the peace, to condemn the right of way for a turnpike under the act of May 12th, 1852 (1 G. & H. 475, sec 7); in which damages were assessed to the land owner, who appealed to the circuit court. After the appeal was taken, the turnpike company tendered the amount so assessed, and took possession of the land. The circuit court dismissed the *cause*, and rendered judgment for costs.

*Held*, said judgment of the circuit court remaining in force, not appealed

from, that it estopped the company from showing that the proceeding before the justice was regular, and the land owner was entitled to recover posses-sion of the land.

SAME.—*Appeal.—Circuit Court.—Jurisdiction.*—On such an appeal to the cir-cuit court, that court has jurisdiction to inquire into the entire case, and not merely as to the amount of damages.

APPEAL from the Madison Circuit Court.

GREGORY, J.—Suit by the appellant against the appellee, for the recovery of real property.

Trial by jury; verdict for the defendant; motion for new trial overruled, and final judgment.

It is admitted that the legal title to the land is in the plaintiff, and his right to recover is conceded, unless a cer-tain proceeding had, to condemn the right of way for the appellee's road, divested that right. That proceeding was instituted before a justice of the peace, under the provisions of the act of May 12th, 1852, 1 G. & H. 475, sec. 7.

The damages were assessed to the appellant, from which he appealed to the circuit court. After the appeal was taken, the turnpike company tendered the amount assessed, and took possession of the land in controversy. The cir-cuit court dismissed the case (not the appeal) and rendered judgment for costs. From this judgment no appeal has been taken.

It is claimed, that the assessment and tender of the dam-ages vested in the appellee the right of way, and that it was not divested by the judgment of the circuit court dismiss-ing the case.

We think this position not tenable. The judgment of the circuit court, whilst it remains in full force, unappealed from, is conclusive upon the parties to it, that the proceed-ing before the justice of the peace was without foundation. The effect of that judgment was to place the parties in the condition they were in before the proceeding was instituted.

It is said in *Jeffries* v. *Maccown*, 30 Ind. 226, that "it is true that an appeal to the Supreme Court only suspends action on the judgment; but in the case at bar, the pro-ceeding before the justice gave the right of entry; the order

of dismissal could not divest that right.   It may be that the company would have been estopped by the judgment from showing that the proceeding before the justice was regular, but for the appeal to the Supreme Court." Now, whilst the dismissal did not divest the right of entry, the judgment of the circuit court is final, unappealed from, and the judgment does estop the company from showing that the proceeding was regular.

It is urged, that the only question which the appellant had a right to have tried, on the appeal from the assessment, was the amount of damages; and that by the appeal he waived all others.   The statute provides, " that either party may, at their option, appeal the same to the circuit court of the proper county, *as in other cases.*"   The fair construction of this provision is, that the case shall stand on appeal in the circuit court as other appeals stand.   The circuit court had jurisdiction to inquire into the whole case.

The court below erred in overruling the motion for a new trial.

Judgment reversed, with costs; cause remanded, with directions to grant a new trial, and for further proceedings.

*W. R. Pierse, H. D. Thompson, H. Craven, R. Lake,* and *R. N. Williams,* for appellant.

*M. S. Robinson, J. A. Harrison, J. W. Sansberry,* and *E. B. Goodykoontz,* for appellee.