MARY J. McCALL, Administratrix, etc., Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

(Argued March 8, 1873; decided June term, 1873.)

THIS was an action to recover damages for injuries received

by plaintiff by being thrown from a carriage, which was struck by an engine, at a highway crossing on defendant's road, near Suspension Bridge.

Defendant had no sign at the crossing, and the evidence tended to show that no bell was rung or whistle blown. The only question on appeal was as to contributory negligence.

Plaintiff's intestate was riding in a covered carriage with another person, who was driving. At the place of collision the track crosses the road at an acute angle; the train and carriage were going in the same direction nearly. The driver of the carriage testified in substance that he and plaintiff lived within a few miles of the place where the accident happened; that witness had on the same day passed over the crossing; that he had at other times, within the year, crossed it; that "he knew there were railroads all about Suspension Bridge;" and that he was in proximity to railroads; he never had occasion to notice particularly about the track, and was not aware that there was a crossing at that point; knew there was a railroad from Lewiston to the Falls, but did not know just where the crossing was, or how near he was to it; was driving about eight miles an hour; was not thinking of the railroad at all; heard a rumbling sound; did not know whether it was the falls or what; looked around and saw nothing; just then he saw the track within ten feet; slapped the horses with the reins, they started at a gallop, and went across the track; the engine struck the rear of the carriage and dashed it to pieces; that was the first he knew of the train being near; could not see the track from the left, whence the train was approaching; was so near the track when he saw it, that he could not stop before crossing.

*Held* (EARL, C., dissenting), that with the knowledge of the proximity of the railroads, the approaching the track under these circumstances, with the top of the carriage up and driving fast, without any precautions or thought of the railroad, was contributory negligence, and that plaintiff was not entitled to recover.

*George G. Munger* for the appellant.

*J. H. Martindale* for the respondent.

Lott, Ch. C., reads for reversal and new trial.

Earl, C., for affirmance.

All concur for reversal, except Earl, C., dissenting; Johnson, C., not sitting.

Judgment reversed; decision to be entered as of date anterior to death of original plaintiff.