HAINES v. THE ILLINOIS CENTRAL R. Co.

1. **Negligence:** EFFECT OF CONTRIBUTORY: DUTY AT CROSSING. Where one who was about to cross a railway track at a public crossing could have seen or heard an approaching train, but failed to look or listen, he was held to have been guilty of negligence and not entitled to recover for injuries caused by the collision immediately following.

2. **Instruction:** WHEN IT MUST BE SPECIFIC. The giving of an instruction upon the subject of negligence, general in its terms, will not justify the refusal of one, correct in itself, which announces that certain facts established by the evidence constitute negligence as a matter of *law*, notwithstanding the latter instruction is comprehended in the former.

*Appeal from Buchanan Circuit Court.*

THURSDAY, SEPTEMBER 23.

THIS is an action to recover for an injury to the plaintiff and his team by collision with an engine and train of the

defendant, at a railroad and highway crossing. The plaintiff in his petition avers the injury, the negligence by defendant's employes, and the exercise of care by the plaintiff. The defendant in its answer denies the averments of the petition. Upon a jury trial there was a verdict and judgment for the plaintiff, for eleven thousand dollars. The defendant appeals.

*Crane & Rood*, for appellant.

The omission of a person, about to cross a railway track when the view of the same is obstructed, to look along the track, constitutes negligence in law. (*Artz v. C., R. I. & P. R. Co.*, 34 Iowa, 160; *Dodge v. R. R. Co.*, Id., 276; *Grippen v. R. R. Co.*, 40 N. Y., 51; *Carlin v. R. R. Co.*, 37 Iowa, 316; *R. R. Co. v. Miller*, 25 Mich., 274; *Harty v. R. R. Co.*, 42 N. Y., 468.) Reasonable care requires the vigilant use of the senses, so as to avoid any collision with approaching trains. (*Barker v. Savage*, 45 N. Y., 193; *Allen v. R. R. Co.*, 105 Mass., 78; *Garton v. R. R. Co.*, 45 N. Y., 660; *Ince v. Ferry Co.*, 106 Mass., 149; *Bancroft v. R. R.*, 97 Id., 275; *R. R. Co. v. Hunter*, 33 Ind., 365; *Stubley v. R. R. Co.*, L. R., 1 Ex., 13; *Telfer v. R. R. Co.*, 30 N. Y., 188; *Butterfield v. R. R. Co.*, 10 Allen, 532; *McCall v. R. R. Co.*, 54 N. Y., 642.) The fact that the view of the track is obstructed renders still greater the obligation to listen for the train. (*Stubley v. R. R. Co.*, *supra; R. R. Co. v. Miller*, *supra*.) No neglect of duty on the part of the railroad company will excuse any one approaching a crossing from using the senses of sight and hearing, when these may be available, and injury, where the use of them would have avoided it, conclusively proves negligence. (*R. R. Co. v. Hunter*, 33 Ind., 364; *Cliff v. R. R. Co.*, L. R., 5 Q. B., 258; *Ernst v. R. R. Co.*, 39 N. Y., 68; *Wilcox v. R. R. Co.*, 39 N. Y., 358.) The law requires care at all times when in the presence of danger, and no thoughtlessness or absorption in business will excuse its omission. (*Dodge v. R. R. Co.*, *supra; Baxter v. R. R. Co.*, 40 N. Y., 504; *R. R. Co. v. Manly* 58 Ill., 307; *Telfer v. R. R. Co.*, 30 N. J., 188; *R. R. Co. v. Rutherford*,

29 Ind., 82; *R. R. Co. v. McClurg*, 56 Pa. St., 294.) The failure to stop before crossing a railway track, and ascertain if it can be crossed with safety, is negligence. (*R. R. Co. v. Beale*, 73 Pa. St., 504; *Telfer v. R. R. Co.*, 30 N. J., 628; *R. R. Co. v. Coyle*, 55 Pa. St., 396; *O'Brien v. R. R. Co.*, 6 Am. Law Reg., 366; *Beisiegel v. R. R. Co.*, 34 N. Y., 628; *R. R. Co. v. Bently*, 66 Pa. St., 30.) To entitle plaintiff to recover for costs of medical attendance and nursing, evidence should have been introduced showing the amount, or value and costs of the same. (*Muldowney v. R. R. Co.*, 36 Iowa, 462.)

*Griffith & Knight* and *H. B. Fouke*, for appellee.

If the view of the railroad, as the crossing is approached, is obstructed by any means so as to render it difficult or impossible to learn of the approach of a train, it is a question of fact for the jury to determine, whether under the particular circumstances of the case the plaintiff was guilty of negligence. (*Artz v. C., R. I. & P. R. Co.*, 34 Iowa, 161.) The refusal to give instructions asked, when the court correctly gives the law upon the subject in other instructions, is not error. Every presumption must be indulged in favor of the verdict. In the absence of direct and specific testimony as to the value of medical services, it must be presumed that they were not considered in arriving at the verdict.

COLE, J.—The injury occurred at the railroad and highway crossing, about six miles west of the city of Dubuque, on October 10, 1872. The plaintiff had lived within a quarter of a mile of the crossing for sixteen or seventeen years, and ever since the railroad was built, and was in the habit of crossing there daily, and often. The ordinary time for the train to pass the crossing was a few minutes after twelve o'clock noon, but it did not pass on the day of the accident until a few minutes before one o'clock. The train was running from the west to the east, a down grade; at the crossing, which is oblique, the highway runs nearly due east and west, and the railroad nearly northeast and southwest. The plaintiff and another man had

been working on the highway east of the crossing in the fore-noon, and had been to plaintiff's residence for dinner. After dinner they started together, with a two horse team and lum-ber wagon, to return to their work, being seated side by side on a seat across the forward part of the wagon, and engaged in conversation. As they traveled the highway east, towards the crossing, by reason of the cuts and hills, brush, etc., the railway, at their right, from the ringing post to the crossing, 1280 feet, was visible at some of its points all the way, but not the whole of it any of the way, down to a point seventy-seven feet from the crossing; and from there to a point seven-teen feet from the crossing the view of the railroad was wholly cut off; and between these two points, they passed the sign board, on two high posts, "look out for the engine," etc. At the point seventeen feet before they reached the crossing, there was an unobstructed view of the railroad track down to the ringing post. Just as the horses were crossing the track, the engine and train hit them, killed one outright, injured the other so that it soon died, broke the wagon into pieces, and threw the plaintiff into the air and on to the left cattle guard, with fragments of the wagon falling on him. He was severely injured, suffered intensely for months, and will probably never fully recover from the effects. The plaintiff testifies that he looked for the train on his way to the crossing, and did not see it, but he does not testify that he listened for it when the view of the track was wholly cut off near the crossing, nor that he looked or listened for it after he reached the seventeen feet point near the crossing, where the view of the track was wholly unobstructed. As is usual in such cases, there is conflict in the evidence as to to the speed of the train, and the sounding of the whistle and bell—the plaintiff's witnesses never saw the train run so fast before, and heard neither whistle or bell; while the defendant's witnesses testify positively, that the bell was rung and the whistle sounded, and the rate of speed did not exceed sixteen miles an hour. This summary of the sur-roundings of the place, and the circumstances of the accident, is made from the testimony of the plaintiff's witnesses and plat.

The defendant asked the court to instruct the jury:

"12. If you find from the evidence that the plaintiff, knowing the position of the railroad track, and that trains were run 1. NEGLIGENCE: frequently thereon, approached the crossing withcontributory: duty at crossing. out looking in the direction from which the train was coming, and without stopping his team to listen for an approaching train, so closely that he was unable to stop his horses before getting upon the track, and in consequence thereof the collision occurred, the plaintiff cannot recover in this action." This was refused. And the court also refused this, asked by the defendant:

"11. If you find from the evidence that plaintiff could have seen the approaching train by looking in the direction of it before he reached the crossing, and in time to have avoided the collision by ordinary care, and omitted to do so, such omission was negligence, and you should find for the defendant." These instructions embody the law as it has heretofore been laid down by this court, and it was error to refuse them. *Artz v. The C., R. I. & P. R.*, 34 Iowa, 154; *Dodge v. The B. C. R. & M. R. Co.*, 34 Iowa, 276, and the cases cited in each. See also these later cases fully supporting the same doctrine: *The R. R. C. v. Miller*, 25 Mich., 274; *Harty v. The R. R. Co.*, 42 N. Y., 468; *Barker v. Savage*, 45 N. Y., 193; *Gorton v. The R. R. Co.*, Ib., 660; *Allyn v. The R. R. Co.*, 105 Mass , 78; *Ince v. The Ferry Co*, 106 Mass., 149; *Bancroft v. The R. R. Co.*, 97 Mass., 275; *The R. R. Co. v. Hunter*, 33 Ind., 333, *i. e.* 365; *McCall v. The R. R. Co.*, 54 N. Y., 642; *Stubley v. The R. R. Co*, L. Rep., 1 Exch., 13.

The same general doctrine, with modifications as to the duty of a person about to cross a railroad track to stop and listen, when the view is obstructed, was asked by defendant in instructions fourteen, fifteen, sixteen and seventeen. These should also have been given. See *The R. R. Co. v. Manly*, 58 Ill., 307; *The R. R. Co. v. McClurg*, 56 Penn. St., 294; *The R. R. Co. v. Beale*, 73 Penn., 504; *The R. R. Co. v. Bentley*, 66 Penn. St., 30. See also *Carlin v. The C., R. I. & P. R. Co.*, 37 Iowa, 316.

It is suggested that the court gave the substance of these

instructions in the one given as follows: "25. So if you find the plaintiff, by exercising ordinary care in approaching said crossing, using his senses of hearing and seeing, and by looking could have seen the train in time to have avoided the accident, which he neglected, he cannot recover." But this instruction is general, and leaves the whole question as one of fact for the jury to find, while those asked called the attention of the jury to specific facts, and told them that such facts constituted negligence as a matter of law. The *general* character of this instruction must have caused the jury to entirely overlook it; for if they had comprehended and regarded it at all, it is difficult to see how they could have found the verdict they did under the evidence. The precise points embraced in the instructions asked and refused were not put to the jury in this or any other instruction given.

*2. INSTRUCTION: when it must be specific.*

REVERSED.