MARY J. BRADLEY, AS ADMINISTRATRIX, &C., OF JAMES BRADLEY, Respondent, *against* THE SECOND AVENUE RAILROAD COMPANY, Appellant.

(Decided June 16th, 1879.)

In an action against a horse-railroad company to recover damages for negligence in driving over the plaintiff's intestate, the driver of the car by which he had been injured testified that at the time of the alleged negligent driving the deceased came "staggering over to catch the horses by the heads ; he seemed to me to be drunk, but I could not say positively that he was." *Held*, that this was sufficient evidence of intoxication in the deceased at the time of the accident to entitle the defendant to have the jury instructed as to the effect of such intoxication upon the plaintiff's right to recover, and that it was error for the court to refuse to charge that if the jury believed that the deceased was intoxicated, and would not have been injured had he been sober, the plaintiff could not recover.

APPEAL from a judgment of this court entered upon a verdict for plaintiff, and from an order denying a motion made upon the minutes for a new trial.

The facts are stated in the opinion.

*Austen G. Fox & Waldo Hutchins*, for appellant.

*William E. Coursen*, for respondent.

LARREMORE, J.—This action was brought to recover damages for the alleged negligence of the defendant's servants in causing the death of James Bradley, plaintiff's husband and intestate. The defendant claimed that the intestate's death was caused by his own carelessness and negligence. On the trial the driver of the car that caused the injury testified that the deceased " came staggering over to catch the horses by the heads; he seemed to me to be drunk, but I could not say positively he was."

At the close of the trial the following requests to charge were made by the counsel for the defendant, *i. e.,* " that if the jury believe that the deceased was intoxicated at the time of the accident, and that his intoxication was so great that it rendered him incapable of a vigilant use of his faculties and senses while approaching the defendant's track, the jury may infer that the deceased was guilty of negligence without which the accident would not have happened, and they must find a verdict for the defendant.

" That if the jury believe that the deceased was intoxicated, and would not have been injured had he been sober, the plaintiff cannot recover."

The court refused thus to charge, and to such refusal the defendant's counsel duly excepted.

I think this last exception well taken. As there was some testimony upon the question of Bradley's intoxication at the time of the accident, the defendant was entitled to a specific charge upon that subject.

If the deceased was incapable from intoxication of using, and did not use, his ordinary faculties of care and caution in crossing the street, the question of contributory negligence

was regularly raised and presented. (*Ernst* v. *Hudson R. R. Co.*, 39 N. Y. 61 ; *Gonzales* v. *N. Y. & Hudson R. R. Co.*, 38 N. Y. 440; *McCall* v. *N. Y. Central R. R. Co.*, 54 N. Y. 642 ; *Weber* v. *Same,* 58 N. Y. 451.) Certainly, if the deceased was intoxicated at the time, and " would not have been injured had he been sober," the jury should have been instructed on reaching such a conclusion to find for the defendant.

For this reason I am of opinion that the judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

VAN HOESEN and BEACH, JJ., concurred.

Judgment reversed and a new trial ordered, with costs to abide.