WILLIAM STACKUS, Appellant, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

In an action for negligence, to justify a nonsuit on the ground of contributory negligence, the undisputed facts must show the omission or commission of some act which the law adjudges negligence; the negligence must appear so clearly that no construction of the evidence or inference drawn from the facts will warrant a contrary conclusion.

In an action to recover damages for injuries sustained by plaintiff in consequence of a collision at a highway crossing, plaintiff's evidence was to the effect that he was traveling westerly in a covered buggy with two spirited horses, upon a highway which crosses defendant's track at an acute angle, and for several rods east of the crossing runs near to and nearly parallel with the track. He was acquainted with the crossing, and the running of the trains; a train from the east was past due; plaintiff supposed it had passed, as while approaching the crossing he had heard a train going east, and if on time it would have passed. A train was about due from the west. When he came near to the signboard warning travelers to look out for the cars, he stopped his team and looked east and west for trains; he could see about fifty rods east; seeing no train, he started on to cross the track, looking and listening both ways as much as he could without getting out, or off from his seat. but he neither heard nor saw anything. The train from the east struck

plaintiff's buggy, and he was injured.  Plaintiff was nonsuited on the ground of contributory negligence.  *Held*, error; that the failure of the plaintiff to let down his buggy top when he started up, was not, as matter of law, negligence.

*McCall* v. *N. Y. C. R. R. Co.* (54 N. Y., 642), distinguished.

(Argued December 15, 1879; decided January 13, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth Judicial department, affirming a judgment in favor of defendant, entered upon an order nonsuiting plaintiff on trial, and affirming an order denying a motion for a new trial.

This action was brought to recover damages for injuries alleged to have been sustained by plaintiff through the negligence of the employees of defendant.

The facts are sufficiently stated in the opinion.

*H. V. Howland*, for appellant.  All the circumstances should have been submitted to the jury, and from them the plaintiff had a right to ask a verdict that he was not guilty of contributory negligence.  (*Myers* v. *Dixon*, 45 H. P. R., 48, 49; *Bernhard* v. *R. and S. R. R. Co.*, Abb. Ct. App. Dec., 131; *Weber* v. *N. Y. C. and H. R. R. R. Co.*, 58 N. Y., 451–455; *Massoth* v. *D. and H. C. Co.*, 64 id., 524–529; *Hill* v. *N. Y. C. and H. R. R. R. Co.*, 2 Weekly Digest, 94; affirmed 64 N. Y., 652; *McGovern* v. *N. Y. C. and H. R. R. R. Co.*, 67 N. Y., 417–421; *Girnce* v. *S. A. R. Co.*, 67 id., 596; *W. P. P. R. Co.* v. *Whipple*, 6 Weekly Digest, 60; *McCauly* v. *Mayor of N. Y.*, 4 id., 135.)  The fact of plaintiff's going upon the track in a covered carriage was not, in itself, negligence.  (*Ernst* v. *H. R. R. R. Co.*, 35 N. Y., 30; *Davis* v. *N. Y. C. and H. R. R. R. Co.*, 47 id., 400–402; *W. P. P. R. Co.* v. *Whipple*, 6 Weekly Digest, 60, 61; *Dolan* v. *D. and H. C. Co.*, 71 N. Y., 285–288.)

*Daniel Pratt*, for respondent.  Where the evidence shows a clear case of contributory negligence on the part of plaintiff the court should nonsuit.  Where facts are undisputed

negligence, is a matter of law. (*Mitchell* v. *N. Y. C. and H. R. R. R. Co.*, 64 N. Y., 55; *Johnson* v. *Hudson R. R. R. Co.*, 20 id., 65; *Reynolds* v. *N. Y. C. and H. R. R. Co.*, 58 id., 4; *Davis* v. *Same*, 47 id., 400; *Wilcox* v. *R. and W. R. R. Co.*, 393 id., 358; *Groton* v. *Erie R. R. Co.*, 45 id., 660; *McCall* v. *N. Y. C. and H. R. R. R. Co.*, 54 id., 662; *Gibbon* v. *McMillen*, 5 Moore's [N. S.] P. C., 434; *Collon* v. *Wood*, 8 C. & P. [N. S.], 568; *Toomey* v. *Brighton Railway*, 693 C. B. [N. S.], 146; *Cornman* v. *Eastern Counties R. R. Co.*, 4 H. &. N., 781; *Ryder* v. *Wormbly*, L. R. [4 Ex.], 32; S. C., 1 C. & P., 306.)

CHURCH, Ch. J.   This case belongs to a class of cases of frequent occurrence. The amount involved is not so large as to render it important. The importance of the case arises chiefly, from the necessity of keeping the dividing line between questions of law which belong exclusively to the court, and questions of fact which belong to the jury to determine, well defined and understood. Upon the plaintiff's evidence it is not denied, but the jury would have been justified in finding negligence on the part of the defendant's agents and employees. The plaintiff was nonsuited upon the ground that he was guilty of negligence which contributed to the injury. To justify this, the negligence must appear so clearly that no construction of the evidence, or inference drawn from the facts, would have warranted a contrary conclusion, and that a verdict of the jury the other way, would have been set aside as against evidence.

In general, negligence is a mixed question of law and fact, and is to be determined by a jury. The cases where a nonsuit has been sustained on the ground of contributory negligence are exceptional, and are confined to cases where the undisputed facts show the omission or commission of some act which the law adjudges negligent. It is well settled that a person approaching a railroad crossing must exercise care and caution such as a prudent person would exercise to avoid danger. Whether such care has been exercised in a given

case, is usually a question of fact for the jury, to be determined from all the circumstances of the case. In this State it has been settled that a person desiring to cross a railroad track must exercise his senses of seeing and hearing to avoid danger, and an omission to do this has frequently been adjudged, as matter of law, negligence. The traveler must look both ways, and listen for the approach of trains. He is not obliged, however, as matter of law, to stop his team, to rise up in his wagon, or to get out and go to the track to make observations. Whether he ought to do any or all of these things in a given case, in order to relieve himself from the charge of negligence, is for the jury to decide in view of the circumstances developed. Care must be exercised commensurate with the danger to which a party is exposed, but the degree of care necessary to be exercised on a particular occasion is generally, of necessity, a question of fact.

The plaintiff was traveling westerly in a covered buggy, with two horses, in the winter, in a highway which crosses the track at an acute angle. The highway for several rods east of the crossing runs near to, and nearly parallel with the track. When he arrived at the sign-board warning travelers to look out for the cars, he stopped his team, and looked east and also west for trains, but saw none. He could see east about fifty rods from that point. He was acquainted with the crossing, and the running of the trains. He supposed the train from the east had passed, as he had heard a train going east at some distance back, and if on time, it would have passed. A train was also about due from the west, and did arrive just after the accident. In this condition of affairs, the plaintiff started his team to cross the track. He had a spirited team, and drove at the rate of about six miles an hour. In his evidence he says : "I started up, and kept looking and listening for the train both ways. Did you look both ways ? Yes, sir, I looked and listened both ways, as much as I could without getting out of my wagon, or down off the seat. I kept looking and listening for the train, and saw nothing, and heard nothing."

The train from the east struck the wagon, and the plaintiff received some injury. In reviewing a nonsuit, the evidence is to be construed most favorably for the plaintiff. It appears that the plaintiff was exercising his faculties, he was in a state of watchfulness, he had stopped his team for the purpose of looking, and he did look and listen, and this is the distinguishing feature between the case at bar and the *McCall Case* (54 N. Y., 642), relied upon by the defendant. In that case the driver went to the crossing heedlessly, without thinking of it, or paying any attention to it, and the court properly held that he was negligent. Here the plaintiff was on the alert to avoid danger, and whether he adopted all the precautionary measures which the circumstances demanded from a prudent person, was a question for the jury. It is said that he should have let down his buggy top, so as to have enabled him to look east more easily, after he started from the sign-board. This was a precaution which would have been proper, but no court can say, as a matter of law, that it was indispensable. Such a precaution may or not be necessary. He had stopped his team and looked east, he had reason to suppose that the train had passed, or if not, that being out of sight when he did look, it could not reach the the crossing before he had passed, or that he might hear it if it did. He may have erred in judgment. It is easy to see after an accident how it might have been avoided. If he had not stopped at all he would have passed in safety, and the very act which evinced his care and caution resulted in his injury. Conceding that if he had lowered his buggy top he would have seen the train, it does not necessarily follow that it was negligent not to lower it, and it is only in cases where the act or omission is negligent *per se*, that courts should assume to decide it as a question of law. The jury may determine that ordinary care and prudence demanded it. The fact that when he looked east he could only see about fifty rods, that a train then out of sight going at the rate of thirty miles an hour might overtake him at the crossing, that a head-wind might prevent his hearing a train from

the east, the dangerous character of the crossing, and the attention necessary to guide his team, would warrant a jury in finding that a prudent man should have used the additional precaution of letting down his buggy top so that he could more easily see a train approaching from the east, and that if he had done so the accident would have been avoided, but no case has gone so far as to hold that an omission of such an act constitutes negligence in law. It depends upon all the circumstances, the situation and acts of the plaintiff, the character of the crossing, the situation of the road, the facility for seeing and hearing, the wind and weather, the construction of the evidence, and the credibility of witnesses. It is difficult to conceive of a question of fact more appropriate for the consideration of a jury than this. It is a question in respect to which men may differ. The learned judge who delivered the opinion at General Term upon the first appeal, expressed himself emphatically that it was a palpable case of negligence. It is not needful to say that this was error as a question of fact, but it seems to me clear that it cannot be so adjudged as a question of law. There is room, to say the least, for a difference of opinion, and a verdict either way would not be set aside as against evidence.

There are no two cases alike in circumstances, and therefore mere precedents are of little value, but the authorities, I think, clearly recognize and establish the distinction here indicated, between questions of fact and law. (*Massoth* v. *Delaware and Hudson Canal Co.*, 64 N. Y., 524–529; *Ireland* v. *Oswego, Hannibal and Sterling Plank Road Co.*, 13 id., 533; *Renwick* v. *New York Cent. R. R. Co.*, 36 id., 132; *Dolan* v. *Delaware and Hudson Canal Co.*, 71 id., 285, 288, 289; *Hill* v. *N. Y. C. and Hudson R. R. R. Co.*, 64 id., 652; *Davis* v. *N. Y. C. and Hudson R. R. R. Co.*, 47 id., 400.)

The judgment should be reversed, and a new trial granted, costs to abide event.

All concur.

Judgment reversed.