FRANK C. THOMAS, PLAINTIFF, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, DEFENDANT.

*Contributory negligence — when the question should be submitted to the jury.*

This action was brought by the plaintiff to recover damages sustained from injuries occasioned by his slipping and falling upon ice which had accumulated upon one of the sidewalks in the city of New York. It appeared that on the Saturday preceding the accident he had been in the same locality, and upon discovering the ice had crossed to the other side of the street, deeming it dangerous to pass over it. The accident happened on the next Tuesday, but the plaintiff testified that the sidewalk was then crowded and that he did not notice the ice or see it until after he fell.

*Held,* that the question of the plaintiff's contributory negligence should have been submitted to the jury, and that the court erred in nonsuiting the plaintiff.

MOTION by the plaintiff for a new trial upon exceptions, ordered to be heard in the first instance at the General Term, after a non-suit directed at the circuit.

*Henry Appel, Jr.,* and *Jacob A. Gross,* for the plaintiff.

*David J. Dean* and *Thomas P. Wickes,* for the defendant.

DANIELS, J.:

The plaintiff, while passing along the northerly sidewalk of Grand street, in the city of New York, fell upon ice which had there accumulated, rendering its use critical as well as dangerous. By his fall he broke his thigh, and to recover the damages sustained by his injury, brought this action against the city. The court at the trial, deeming him to have been in fault for attempting to cross the ice, dismissed his complaint, to which an exception was taken by his counsel. It appeared by the evidence that he had reached the same locality on Saturday, the 13th of January, 1877, and then discovering the ice, crossed to the south side of the street

to avoid it, for the reason that he deemed it to be dangerous. The accident happened on the Tuesday following, but on that occasion he testified that the sidewalk was crowded and he did not notice the ice or see it, until after he fell. This testimony was not contradicted, and it was because it was deemed to render his conduct negligent that his complaint was dismissed. It is undoubtedly the law that the plaintiff in an action of this nature must appear to be free from fault before he can have any right to maintain it, and if he attempts to cross a body of ice of this nature when he himself understands it to be dangerous to do so, and an accident is caused by the attempt, no action for redress can be sustained by him. ( *Wilson* v. *City of Charlestown*, 8 Allen, 137; *Durkin* v. *Troy*, 61 Barb., 437; *City of Quincy* v. *Barker*, 81 Ill., 300; *Schaffler* v. *Sandusky*, 33 Ohio, 246.) And the conduct of the plaintiff precisely accorded with this principle when his mind was upon the subject of this body of ice. But that was not the case at the time when this injury appears to have been produced, for then the walk was crowded, and that would be a circumstance tending to divert the attention of the party from the existence of the ice, although it had been observed by him on the preceding Saturday. He was not necessarily obliged so to impress his recollection as to keep this fact before it at the peril of being chargeable with negligence for not remembering it upon the occasion in controversy. The law does not require that extreme degree of mental vigilance of persons making use of a public sidewalk. Their thoughts may be employed upon subjects of interest or importance to themselves, or wholly diverted by observations directed to other persons making the same use of the walk, without being necessarily held to be negligent. That was considered to be a reasonable application of the law in *Driscoll* v. *Mayor, etc.* (11 Hun, 101); and a case very similar to the one now before the court was determined to be proper for the consideration of a jury in *Darling* v. *Mayor, etc.* (18 id., 340). A similar view was adopted in *Evans* v. *City of Utica* (69 N. Y., 166), where a party endeavoring to pass over accumulated ice in the night-time, of which he had been informed, was held not to be necessarily negligent by reason of that circumstance. As the evidence appeared in this case, the jury might infer from the facts as they were related, if that was believed to be truthful, that

the plaintiff was not careless or negligent in attempting to cross this ice, although he had previously seen it and then concluded it to be dangerous. Whether he was so or not would depend upon the credit which might be reasonably given to his evidence. If the jury should believe that his attention was diverted from the danger of this locality by the crowd upon the sidewalk, or by any other circumstance, or mental condition, not involving a failure to observe ordinary care, he would not be precluded from maintaining his action simply because this place appeared to him to be dangerous on the Saturday before, and he on that day crossed the street for the purpose of avoiding it. Whether he was careless or not was a fact depending upon the correct conclusion to be drawn from the evidence, and it was the province of the jury to determine whether the evidence was true and what conclusion would be justified from the facts. (*Stackus* v. *N. Y. Central, etc.*, 79 N. Y., 464.) As the case was made to appear the complaint should not have been dismissed. The nonsuit should be set aside and a new trial ordered, with costs to abide the event.

BRADY, P. J., and BARKER, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.