Barnard, P. J.
The plaintiff, in January, 1885, attempted to cross Fulton street with his four year old boy in his arms. It was at or near half-past five o’clock p. m. when he reached Fulton street. At the northeast corner of Fulton and Sands streets he found Fulton street very much obstructed by cars on the defendant’s track. They were *50 so close as to be almost' continuous. The plaintiff waited his opportunity to cross for about five minutes. He then saw a car come out from the bridge station. This car was on the first up switch and would interrupt the fine of cars on the main track up. The plaintiff, with his boy in his arms, followed this car until it almost stopped on the main track. The plaintiff then looked and saw a car some fifteen feet below him, and as that gave him no apprehension, he left his place of security behind the car and started to go across the up track. He had nearly got across when he was, struck by the horse attached to a car which left the • station on the second up switch. This car started off on a trot and the defendant’s switchman struck one of the horses with an iron rod and goaded him into a gallop, and it was at this rate of speed when the team run over the plaintiff. The negligence of the defendant is credited by the jury as sufficient.
There is a network of tracks at the point and the cars at times run in quick succession. At times the place is filled with foot passengers crossing the street. The plaintiff had nearly arrived at a place of safety; and but for the act of starting the horse at a gallop would have escaped.
The defendant owed a duty to. the plaintiff to keep the team well under control and especially so when the plaintiff was in full view of the driver while his back was to the team thus coming upon him. Assuming the truth of the narrative as given by the plaintiff and his witness Ahern, there was no lack of care upon the plaintiff’s part which as matter of law destroyed the plaintiff’s action. The case was properly sent to the jury upon the defendant’s negligence and upon the contributory negligence of the plaintiff. There is a conflict of testimony upon the facts, but upon appeal the facts will be taken to be those which support the verdict unless the evidence is so overwhelmingly against the verdict as to call for a new trial.
This case shows no such preponderance. The verdict is fully sustained by the case of Stackur v. New York Central (79 N. Y., 464).
The several exceptions taken to the testimony of the physicians are not supported by the case of Strohm v. The New York Central Railroad (96 N. Y., 306). An opinion that a result may follow an injury or that it is likely to accrue is not to be received. There must be such a decree of probability as amounts to a reasonable certainty that the result will flow from the injury. Under this case the medical evidence was properly received. The witnesses testify that they can form an opinion with reasonable certainty as to the results which in their opinion are to follow the injury. There was no error in charging the jury that the defendant *51 could not legally use the street by its cars so as to practically exclude the public from the street. As long as it was a street the plaintiff might lawfully pass over it and the defendant had no right to make it dangerous at all times for a person to pass over. If the plaintiff was injured to the extent the proof shows, the verdict is not unreasonable.
The judgment should, therefore, be affirmed with costs.
Pratt, J., concurs._