Hardin, P. J.
In Solomon v. The Manhattan R. Co. (103 N. Y., 437; 3 N. Y. State Rep., 636) it is said, viz: “That it is in law dangerous, and, therefore, a negligent act, unless explained and justified by special circumstances, to attempt to cross a railroad track without looking for approaching trains. And in Tolman v. The S. B. and N. Y. R. R. Co. (98 N. Y., 198) it_ is said of a person attempting to cross a railroad track, viz: “ He must look and listen, and is excusable for the omission only when the circumstances show that both precautions were impossible or unavailing,” and in McCall v. The Central Road (54 N. Y., 642) it was said that a person approaching the track with the top of the carriage up, driving fast, without any precautions or thought of the railroad, was guilty of contributory negligence, and was not entitled to recover; and in Woodard v. The N. Y. L. E. and Western R. R. Co. (11 N. Y. State Rep. 169) it was said of a person who was struck by a car being switched and moving by its own momentum, which car could have been seen if the deceased had looked, that he was guilty of contributory negligence. It was also added in that case, viz: “ To be an excuse, the object which diverts the attention must be something which can justify, consistently with prudence, the withdrawal of attention from the near and imminent danger.”
As we read the testimony in the case before us, -the plaintiff did not observe that care, caution and vigilance required by the atithorities to which we have referred, while passing the distance between the south end of the bridge and, the place where the horse became frightened and unmanageable, a distance, according to the testimony of Pulver, of forty yards, or one hundred and twenty feet.
The impression which the testimony before us makes upon our minds is, if the plaintiff or Pulver had attended vigilantly to their duty in approaching the crossing, the injuries in question might have been averted. Apparently they were occupied in conversation, giving no especial attention to the circumstances affecting their safety in crossing the railway, during the progress from the south side of the bridge one hundred and twenty feet onward. It is said there was some snow upon the ground. It is said there was a wind blowing from the northeast.. It was in broad *453 daylight, and e circumstances disclosed indicate to our mind if there had been a vigilant use of the senses the collision would not have happened.
The burden was upon the plaintiff to show that he was not guilty of contributory negligence. Lee v. Troy Citizen’s Gas-light Co., 98 N. Y., 115.
Second. We think the inquiry as to whether the plaintiff knew the fact “that this horse was unmanageable, was of no consequence upon the question of contributory negligence.” The horse behaved well enough until he got within some seventy feet of the railway crossing. If the plaintiff, or the party having him in charge, had attended closely and diligently to his duty, for the one hundred and twenty feet preceding the point where the horse became unmanageable, it is probable no injuries would have been received. However, it is apparent from the whole case that the plaintiff was not free from contributory negligence.
We are inclined to the opinion that the learned circuit judge correctly appreciated the testimony bearing upon the question of plaintiff’s freedom from contributory negligence.
We think the plaintiff and the driver “went blindly” within sixty or seventy feet of the track to the point where the horse became unmanageable, “taking the chances of what might occur, and were thus guilty of contributory negligence.” Woodard v. The N. Y., L. E. and W. R. R. Co. (supra).
Judgment affirmed, with costs.
Martin, J., not sitting.