## KELLY v. PELHAM HOD ELEVATING CO.

(Supreme Court, General Term, Second Department.    February 13, 1893.)

NONSUIT—CONTRIBUTORY NEGLIGENCE.
In an action of negligence, a nonsuit for contributory negligence can be granted only where it clearly appears that no construction of the evidence, and no inference from the facts, will warrant a contrary conclusion.

Appeal from circuit court, Kings county.

Action by Maurice Kelly against the Pelham Hod Elevating Company for personal injuries.    From a judgment of nonsuit, entered on the trial, plaintiff appeals.    Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Dailey, Bell & Crane, (James D. Bell, of counsel,) for appellant.
John E. Eustis, (George S. Coleman, of counsel,) for appellee.

DYKMAN, J.    This is an action for the recovery of damages resulting from personal injuries sustained through the negligence of the defendant.    The plaintiff was nonsuited at the circuit, upon the ground of contributory negligence on his part, and the appeal is from the judgment dismissing the plaintiff's complaint.    To justify the nonsuit of a

plaintiff in an action of negligence, upon the ground of his contributory negligence, it must appear clearly that no construction of the evidence, and no inference drawn from the facts, will warrant a contrary conclusion. If the facts be such that men of ordinary prudence and judgment would draw different inferences, and reach different conclusions, upon them, then the question is for the jury, and not for the court. Stackus v. Railroad Co., 79 N. Y. 464. Our conclusion is that this case is not so plain and clear upon the question of contributory negligence as to justify its withdrawal from the jury, and the judgment should be reversed, and a new trial granted, with costs to abide the event. All concur.