HATCH, J.
It is conceded that the boy was struck by the pole-of the wagon as it was being driven along the street, and that quite serious injury was the result. Three witnesses for plaintiff testified that the horses attached to the wagon were driven around the corner into the street where the boy, then upon the cross walk, was passing over the street. The boy states that he looked to see-if anything was coming before he started to walk across the street, and that he saw and heard no team or wagon until it came suddenly upon him. The other witnesses state that the team came suddenly around the corner, on a trot, when the pole came in contact with the boy. If this testimony was entitled to credence and was believed, —which was for the jury to determine,—it warranted a finding of freedom -from contributory negligence upon the part of the boy and of negligence on the part of the defendant. The boy was rightfully upon the street, and the defendant was bound to observe reasonable care as it turned the corner, to avoid coming in contact with persons lawfully thereon. If the team came around the corner on a trot, as they were immediately to pass over a spot where pedestrians might reasonably be expected and were likely to be-encountered, the jury might well say that the degree of care which the law exacts under such circumstances were not observed. But it is urged that the witnesses for plaintiff testify that the wheels of the wagon passed over the boy, an event which his subsequent condition showed to be impossible; that the spot where he was struck was four feet from the curb, and that it was a physical impossibility for the wagon to turn the corner, and come within that space. It is therefore contended that the story of these witnesses ought to have been disregarded; that it was manifestly improbable—in fact, impossible—of occurrence. We see no glaring inconsistency in the statement that the wheels ran over the boy, although in fact, it did not happen. It might well be, from the point of observation of the witnesses, that the wheels of the wagon appeared to pass over the boy. The essential fact of the matter is that the boy was-knocked down by the pole of the wagon, upon which point all agree- *611 Because the witnesses say the wheels also ran over him'does not alter this fact, nor does it necessarily discredit the witnesses, for what they say may have appeared so to them, and a variance from what the fact is, is far from saying that the witness testifies falsely or improbably. The variation from the fact may be the very thing which evidences the entire truthfulness of the witness, and which establishes the probability of his story upon the essential fact. As applied here, we do not think the court would have b«en warranted in directing the jury to disregard the testimony for this variation from the conceded facts. So far as the physical impossibility of the pole coming in contact with the boy in the position in which he was placed by the witnesses is concerned, we may observe that the case is destitute of proof to show that the wagon was not of such a character as that its forward part could have been turned into this place. We may take notice that wagons are so constructed that the pole and forward wheels may be turned to a right angle of the hind wheels and body of the wagon, and we are not informed but that this may have been of that character. How far the corner of the curb was set back from the roadway at this point is not showd, and we may not say that it was impossible for this wagon to turn, and come within four feet of the side of the street, without coming in contact with the curb at the corner, in view of the fact that the pole struck the boy. Mor is there any evidence that the hind wheel of the wagon did not come in contact with the curb. Whatever observation may demonstrate respecting many wagons turning many street corners, such general observation does not render the fact so certain as that the court can say as matter of law that what the witnesses say was an impossible occurrence with this wagon at this street corner, or that this wagon in fact cleared the curb as it turned the corner. It could' have run over it. But, aside from this, while the distance is given as four feet from the curb where the pole struck the boy, which is adhered to with some pertinacity by the, witnesses, yet no measurements were made, and the witnesses expressed their opinion respecting the distance. Variations of distance, circumstances attending the transaction and details as to how the particular accident happened, have never been held sufficient to withhold a case from the jury, even though the witnesses were at a distinct variation with other witnesses, or with certain conceded facts, where the essential fact of an injury had transpired. Stackus v. Railroad Co., 79 N. Y. 464; Massoth v. Canal Co., 64 N. Y. 524; Greany v. Railroad Co., 101 N. Y. 419. There is nothing before us that requires the application of any different rule in this-case. There is not entire consistency in the testimony of defendant’s driver, and we think the case presented a question of fact to the jury, and that nothing which appears either upon the evidence, the submission, or the amount of the verdict calls for our interference.
The judgment should therefore be affirmed, with costs.
All concur.