NANCY CORDELL, Administratrix, etc., Respondent, *v.* THE
NEW YORK CENTRAL AND HUDSON RIVER RAILROAD
COMPANY, Appellant.

A railroad corporation has the right to use its own land for any legitimate
purpose in the prosecution of its business, such a use is not unlawful or
negligent, although it may obstruct the vision of those crossing its tracks.

The existence of obstructions preventing a view of an approaching train
may have a material bearing, in an action against a railroad company
for negligence resulting in injury to one crossing its track, upon the
question of contributory negligence, and also upon the question of the
degree of care and vigilance which the defendant was bound to exercise
in the running and management of its trains, and in giving warning of
its approach, but it cannot be an independent ground of recovery.

*Richardson* v. *N. Y. C. R. R. Co.* (45 N. Y., 846), and *Mackay* v. *N. Y. C.
R. R. Co.* (35 id., 75) distinguished.

It *seems* that the fact that a railroad company has complied with the
requirements of the statute in the running and management of its trains
does not necessarily, and in all cases, relieve it from liability for negli-
gence ; the care necessary to be observed is not in all cases confined to
the statutory requirements, but depends upon circumstances.

It *seems* also, that where a railroad company has placed obstructions to
the view upon its lands near a farm crossing, known to be used to some
extent by the public, and where the place is such that one lawfully
using the crossing cannot see, or with ordinary care otherwise discover
the approach of a train, that the company is required to exercise such
care as will be likely to warn of its approach, or to so manage its trains
as that it will not be likely to injure one so using the crossing.

*Sutton* v. *N. Y. C. & H. R. R. R. Co.* (66 N. Y., 243) distinguished.

(Argued May 25, 1877 ; decided June 12. 1877.

APPEAL from judgment of the General Term of the
Supreme Court in the third judicial department affirming a
judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover damages for the death
of Christopher B. Cordell, plaintiff's intestate, alleged to
have been caused by defendant's negligence.

The case is reported upon a former appeal in 64 N. Y., 535.

The deceased was struck and killed by a locomotive
attached to a train upon defendant's road, while attempting
to cross its tracks at a place where there was a farm crossing.

This crossing had been included in a highway laid out several years previous, and the public had to some extent used it as a public highway. Defendant was engaged in laying a new track, and plaintiff's evidence tended to show that the company had piled up on the south side of the tracks, from which direction the deceased approached the tracks, a large quantity of material, such as stumps, roots, etc., which had accumulated in the progress of the work. That this material was placed between the fence and the tracks, extending nearly up to the crossing, and so high as to obstruct the view of any one approaching the crossing from the south. The court submitted it to the jury to determine whether the piling up of this rubbish, and permitting it to remain, was negligence, and charged them in substance that if so, this was sufficient to render defendant liable, to which defendant's counsel duly excepted. The language of the charge and the further facts are set forth sufficiently in the opinion.

*Samuel Hanc*, for the appellant. The court erred in submitting to the jury the question whether defendant omitted any act which common prudence required to give notice of an approaching train. (*Bieseigel* v. *N. Y. C. R. R. Co.*, 40 N. Y., 9, 12, 13; *Griffin* v. *N. Y. C. R. R. Co.*, id., 39, 41; *Weber* v. *N. Y. C. R. R. Co.*, 58 id., 451, 458; *Cliff* v. *Mid. R. Co.*, L. R. [5 Q. B.], 258; *Ellis* v. *G. W. R. Co.*, 9 C. P. [Exch. Ch.], 551.) It was error to submit to the jury the question whether defendant permitted the public to use the crossing as if it were a highway. (*Matz* v. *N. Y. C. & H. R. R. R. Co.*, 1 Hun, 417; *Nicholson* v. *E. R. Co.*, 41 N. Y., 525.) It was error to submit to the jury the question whether the company obstructed the view near the track by piling up obstructions, etc., and whether this was negligence. (*Blake* v. *Ferris*, 1 Seld., 48; *Pack* v. *New York*, 4 id., 22; *Hoffnagle* v. *N. Y. C. R. R. Co.*, 55 N. Y., 608, 612; *Griffin* v. *N. Y. C. R. R. Co.*, 5 Seld., 456; *Hume* v. *N. Y. C. R. R. Co.*, 47 N. Y., 639, 646; *Colley* v. *Westbrook*, 57 Me., 181.)

*J. H. Clute*, for the respondent. The question of defend-
ant's negligence and of the contributory negligence of the
deceased, were questions of fact for the jury. (39 N. Y., 61;
35 id., 61; 58 id., 451; 34 id., 622, 632, 633; *Warner* v. *N.
Y. C. & H. R. R. R. Co.*, 44 id., 465; *Davis* v. *N. Y. C. &
H. R. R. R. Co.*, 47 id., 400.)

CHURCH, Ch. J.   At the first trial, the verdict was based
upon the negligence of the defendant in not blowing the
whistle in approaching the crossing where the deceased was
killed, and upon the assumption that such crossing was a
public traveled road.

The judgment was reversed and a new trial granted by this
court, upon the point that the question whether the notice
required by the act of 1853, regulating the laying out of
public highways over and across railroads was properly served,
should have been submitted to the jury upon the evidence,
which was conflicting.   At the last trial the court decided
that the crossing was not a public highway, for the want of
the service of a notice to occupants of land under the Revised
Statutes.   As the plaintiff had a verdict, the exception to
that decision is not before us, nor is any question, as to the
effect of the statute of 1853, upon the provisions of the
Revised Statutes.   It was conceded by the defendant that
there was a farm-crossing at the place of the accident, and it
appears that it had been included in a highway laid out sev-
eral years previous, and that the public had, to some extent,
used it as a public highway.   The recovery was had upon
the negligence of the defendant and its employees in placing
obstructions upon its land, and in not giving due and proper
warning or signals of the approach of the train, irrespective
of the statutory requirement when crossing highways.   It
was claimed on the part of the plaintiff that the company had
piled up on the south side of the track a large quantity of
stumps, roots and other material, which had accumulated in
preparing additional tracks on the north side; that this mate-
rial was placed between the fence and railroad track, and

extended nearly up to the crossing, and so high as to obstruct the view of anyone approaching the crossing from the south. One of the principal questions in the case arises upon the charge of the judge in respect to the piling up of this rubbish and permitting it to remain.

It is claimed on the part of the defendant that the judge submitted it to the jury to determine whether this act on the part of the defendant was negligent, and if so, charged them substantially that it was sufficient to render them liable in this action, providing the plaintiff was free from negligence on his part. I have examined the charge with care, and feel constrained to hold that the learned judge intended to so charge, and that the jury must have so understood the charge. He said: " If you find there was this crossing with the consent of the defendant, then I submit to you whether it was negligence to place obstructions so near the track that a person could not see a train until it was upon him." * * * " Was it negligent in the defendant, when it knew there was a crossing which the public were using, to render it dangerous by an obstruction to the sight?" After submitting the question, whether it was negligent in omitting to give warning by whistle or otherwise, he adds: " If you find the company guilty of negligence in either of these respects, then the next question is, Was the deceased guilty of " contributory negligence?" The learned judge evidently intended to put the right of recovery upon the act of placing obstructions upon the same footing as the failure to give necessary warning, provided the jury should find that the placing such obstructions was negligent. In this, I think the learned judge erred. The company had a right to use its own land for any legitimate purpose in the prosecution of its business. Such a use cannot be said to be unlawful or negligent, although it may obstruct, to some extent, the vision of those who cross the track. A railroad corporation has the same right in this respect as individuals. They are under no legal obligation to refrain from using their property, because such use may hinder the view of travelers.

The company was engaged in excavating and preparing the ground for additional tracks, and might use its own land for depositing the material, without rendering itself liable to an action for negligence. The maxim that one is bound so to use his own property as not to injure others has no application. The injury is remote and incidental, and not within the contemplation of the rule. If it was, the erection of depots, tanks, sheds or other structures might render them liable to an action, if a jury should find that it was negligent to erect them. I am not aware of any case holding that negligence could be predicated upon the lawful use of the company's property.

The obstructions in this case may, and perhaps should, have had a material bearing upon two questions: First, as to the contributory negligence of the plaintiff. If they prevented his seeing the approaching train until he arrived at the track, he would not be negligent for not seeing it before, and secondly, the fact of the existence of those obstructions, with the other surrounding circumstances, were proper to be considered upon the question of the degree of care and vigilance which the defendant was bound to exercise in the running and management of its train, and in giving warning of its approach. It cannot be an independent ground of recovery. No such principle has ever been adjudicated. Neither the case of *Richardson* v. *N. Y. C. R. R. Co.* (45 N. Y., 846), nor the case of *Mackay* v. *N. Y. C. R. R. Co.* (35 id., 75), so hold. In the former, the members of the court differed in their reasons for the judgment, but it was not intended to decide the principle contended for in this case, and in the *Mackay case* the wood was piled in the public highway, and the fact was used upon the question of contributory negligence. It was strenuously insisted, by the counsel for the defendant, that as the defendant was under no statutory obligation to ring the bell or sound the whistle, no action will lie. This involves the principle that if a railroad company complies with the requirements of the statute, they are relieved from liability for negligence. As a general rule this may be true,

but I am not prepared to assent to its universal application. The omission to provide other safeguards at crossings than those required, we have held not to be a ground of negligence; but in the management of its trains the care necessary to be observed is not in all cases confined to the statutory requirements, but depends upon circumstances. A high rate of speed in a crowded city would be regarded as negligent. So the backing of a train in the night without proper lights or other means of warning. So in this case it may be that the fact of the obstructions, and other existing circumstances, rendered it the duty of the defendant in approaching this crossing, which was known to be used to some extent by the public, to exercise more care and vigilance than was exercised in the management of the train, and in giving warning of its approach. It is not necessary to determine the question, as there must be a new trial, and the evidence may be changed; but I cannot assent to the proposition that as matter of law the company were absolutely relieved from obligation to exercise proper care in addition to that required by statute in the management of its train in view of the surrounding facts. The court should have confined the jury to the question of negligence in the management of the train, and not placed it upon the obstructions except as a circumstance requiring greater caution in running the train. The case of *Sutton* v. *N. Y. C. & H. R. R. R. Co.* (66 N. Y., 243), is not decisive of this case. That was the case of a mere licensee who was permitted to cross the track for water, and it was held that the company was not required to exercise the highest degree of vigilance to prevent his being injured. In that case some empty cars were started by the wind, and ran a down grade by their own weight, and injured the plaintiff. It appeared that if the brake had been properly set on the cars they would not have been started by the wind, and we held the company not liable for this casualty. Here the plaintiff was something more than a mere licensee. The place was in some respects a public crossing, and the plaintiff had a right to go

upon the track, and I think that the company owed him a duty if the place was such that he could not see the train, or otherwise with ordinary care know of its approach, to have exercised such care as would have been likely to warn of its approach, or at least that it would so manage the train as that it would not be likely to injure the plaintiff, or others similarly situated. It is not necessary definitely to determine whether, from the evidence in this case, an inference of a want of proper care might properly be drawn by the jury. It is only intended to deny that the company is absolutely relieved from the use of any other means than those provided by statute in the management of its train under peculiar circumstances.

Neither is it needful to pass upon the question of contributory negligence. It must be conceded, as within the personal experience of every one, that as a general rule the exercise of ordinary care will enable a person to cross a railroad track on foot in open daylight with safety, and it requires a strong case to sustain an action under such circumstances. But such cases have been sustained, of which the *Beisiegel case* is a notable example in this State.

That portion of the charge of the judge has been criticised which submitted the question of neglience, other than the obstructions to the jury, as being so broad as to have justified the jury in finding it negligent not to keep a flagman, or other means of preventing accidents, outside of the management of the train. If the criticism is well founded, the charge was erroneous, but it is unnecessary to examine it critically as there must be a new trial upon the charge in respect to the obstructions.

The judgment should be reversed and new trial granted, costs to abide event.

All concur, except ALLEN, J., taking no part, and RAPALLO, J., absent.

Judgment reversed.