### Towns *v.* Rome, W. & O. R. Co.

*(Supreme Court, General Term, Fourth Department. November, 1889.)*

RAILROAD COMPANIES—NEGLIGENCE AT CROSSING.

Plaintiff's intestate was killed by defendant's train, while crossing the track. He looked both ways for trains before driving on the track, and drove at a slow trot. The view of the track was partly obstructed, but not in the direction of the approaching train. The train was a little late, and was approaching the street crossing at about 25 miles an hour, though the city ordinance allowed only a speed of 5 miles. There was also evidence that no signals were given, and that the car-brakes were defective. *Held* sufficient evidence to sustain a verdict for plaintiff on the questions of negligence and contributory negligence.

Appeal from circuit court, Jefferson county.

Action by Camilla G. Towns, administratrix, etc., of Charles O. Towns, deceased, against the Rome, Watertown & Ogdensburgh Railroad Company, to recover for the wrongful killing of plaintiff's intestate. Defendant's train was passing from Carthage into the city of Watertown, on its track, in nearly a westerly direction, and it had passed Hamilton street, Central street, and deceased was killed while it was passing Rutland street. He was engaged in delivering milk to customers in the city, and his last delivery was at the

house of Mrs. Wisner, which was on the south side of the track. He started his horse from her house, going northwardly; and, as his horse was passing the track, the train struck the wagon and caused the death. There is evidence in the case from which the jury were warranted in finding that before the deceased passed upon the tracks of the defendant he looked both ways, to apprehend the approach of a train. The train was a few minutes late. There were some cars standing near the approach to the crossing, which to some extent obstructed the view in an easterly direction. The evidence tends to show that the deceased was approaching on a slow trot, or, as one witness says, his horse was on a "slow shack" as he approached the track. There was some evidence to indicate that the station whistle was given while the engine was between Hamilton and Central streets. There is conflicting evidence as to whether the whistle was blown otherwise than for the station, or the bell rung. The evidence tends to show that the train was moving at the rate of from 20 to 25 miles an hour. Verdict and judgment for plaintiff for $2,500, and defendant appeals.

Argued before HARDIN, P. J., and MARTIN, J.

*Edward B. Wynn,* for appellant. *Hannibal Smith* and *W. F. Potter,* for respondent.

HARDIN, P. J. Whether or not the defendant was guilty of negligence which caused the death of the plaintiff's intestate was a question of fact, for the jury, and the evidence required the court to submit the question to the jury. There is a conflict in the evidence as to whether the signals were given or not. After a careful perusal of the evidence, we are satisfied that, within the rule laid down in *Culhane's Case,* 60 N. Y. 133, 67 Barb. 562, and other cases to like effect, that there was sufficient evidence to justify the jury in finding that the bell was not rung, nor the whistle sounded, while the train was passing from Central to Rutland street, where the accident occurred. (2) There was evidence that the train was moving at the rate of 25 miles an hour at the time, and just preceding the accident. (3) There was evidence that there was an ordinance of the city restricting the movement of trains to 5 miles an hour. (4) There was evidence that one of the principal officers of the defendant had issued a regulation requiring the movement of trains with care and caution in approaching the station in question. (5) There was some evidence tending to show an imperfection in one of the brakes in use upon the train, which prevented its full operation and effect when applied to slacken the speed of the train. In *Massoth* v. *Canal Co.,* 64 N. Y. 529, it was said, by ALLEN, J., that city ordinances of the character of the one introduced in evidence in this case "are competent evidence upon the question of negligence of railroad corporations, and, with proof of a greater rate of speed than that prescribed, proper, with all the other evidence in the case, to be submitted to the jury for their consideration."

2. We are of the opinion, after a careful perusal of the evidence, that the question of contributory negligence was one of fact, for the jury, and that the same was properly submitted to them for determination. In *Massoth* v. *Canal Co.,* 64 N. Y. 529, ALLEN, J., says: "It is only where it clearly appears from all the circumstances, or is proved by uncontroverted evidence, that the party injured has, by his own acts or neglect, contributed to the injury, that the court can take the case from the jury, and nonsuit the plaintiff." *Lane* v. *Atlantic Works,* 111 Mass. 136; *Weber* v. *Railroad Co.,* 58 N. Y. 451; *Hackford* v. *Railroad Co.,* 53 N. Y. 654. We find the same doctrine reaffirmed and clearly stated in the opinion of RUGER, C. J., in *Parsons* v. *Railroad Co.,* 113 N. Y. 355, 21 N. E. Rep. 145, in the following language: "The law does not require this; neither is there any rule which will defeat a recovery, in cases of this kind, merely because it was possible for an injured person to discover an approaching train. The law does not forbid persons

from crossing railroad tracks, or impose upon them exclusive responsibility for damages incurred in making such an attempt. The question is whether the injured party, under all of the circumstances of the case, exercised that degree of care and caution which prudent persons, of ordinary intelligence, usually exercise under like circumstances. This rule must in all cases, except those marked by gross and inexcusable negligence, render the question involved one of fact, for the jury." While we recognize the rule that the burden of proof is upon the plaintiff to show the absence of contributory negligence, and that this may be shown by the direct evidence, or by evidence and circumstances which reasonably warrant an inference therefrom that the deceased was free of contributory negligence, we are of the opinion that the evidence was sufficient to warrant a favorable verdict for the plaintiff upon the question.

3. Although the appellant's counsel has in a very general way alluded to the exceptions taken during the trial, and has not presented any argument in respect to any one of them, we have examined them, and find no error was committed in the omission or rejection of evidence, or in refusing to nonsuit; and that the charge of the trial judge was delivered to the jury in language satisfactory to the defendant, as we must assume, as no exception was taken thereto. We think the motion for a new trial was properly denied. Judgment and order affirmed, with costs.