MARY E. BATES, as Administratrix, etc., of HENRY E. BATES, Deceased, Appellant, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

| 84 | 287 |
| 91 | 6 |
| 84 | 287 |
| 92 | 152 |

*Damages resulting from the death of the plaintiff's intestate — proof of contributory negligence.*

In an action brought against a railroad company to recover damages resulting from the death of the plaintiff's intestate caused by the decedent's being run into by a train, while attempting to cross the railroad tracks on foot, it appeared that the decedent was able to see a considerable distance along the tracks at the place of the accident and could have heard the noise of an approaching train. *Held,* that the fact that he did not do so was proof of his contributory negligence.

APPEAL by the plaintiff, Mary E. Bates, as administratrix, etc., of Henry E. Bates, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Dutchess on the 13th day of July, 1894, upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the Dutchess Circuit.

*A. M. & G. Card,* for the appellant.

*Frank Loomis* and *Robert F. Wilkinson,* for the respondent.

DYKMAN, J.:

This is an appeal from a judgment entered upon a nonsuit at the Circuit.

The action was brought for the recovery of damages resulting from the death of the plaintiff's intestate, which was caused by a train of cars upon the railroad of the defendant.

The course of the railroad, at the place of the accident, is substantially north and south, and the highway which crosses it there runs nearly east and west. The deceased was drawing ice in a lumber box wagon, drawn by two horses. He was coming with a load of ice from the west, walking on the north side of his wagon, near the forward end, holding the horses' lines in his left hand, and resting his right hand on the side of the wagon and holding his whip in his right hand also. As he approached the track he looked both ways and continued to drive on. When he was upon the

track, which is single at that place, an engine with a pay car came from the south, struck the deceased and inflicted injuries upon him from which he died in a few days.

The complaint of the plaintiff was dismissed at the trial, at the close of the testimony on her behalf, upon the ground that the evidence failed to show freedom from contributory negligence on the part of the deceased. The facts seem to justify such dismissal.

The deceased was walking, and thus had entire control of his own movements. He could stop and recede instantaneously at his volition. One of the witnesses for the plaintiff testified that she saw him first when his horses' front feet were just stepping upon the track. Of course, he was then about ten feet from the track. The witness went out of her house and waved a towel at the deceased, and said "Keep back," but she could not attract his attention. She heard the train, and another witness heard it also.

It is impossible, in view of that testimony and other facts and circumstances, to escape the conclusion that the deceased went heedlessly upon the track and brought the calamity upon himself.

He could see a considerable distance down the track, and could have heard the noise of the approaching train. That he did not do so is proof of negligence.

The judgment should be affirmed, with costs.

BROWN, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs.