92  149
157a 688

HORMISDAS DE LOGE, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Negligence — dangerous speed of a train — contributory negligence — duty of a person riding with another — proof of the publication of a city ordinance.*

The question whether a railroad company ran a train over a crossing at a dangerous rate of speed is one of fact, and if the jury so find the company will be liable, even in a case where it has given proper signals of the approach of the train.

A person, who is a passenger in a vehicle driven by another, is not excused from exercising due care upon his own part while approaching a railroad crossing, but where the passenger is himself free from negligence he is not chargeable with the negligence of the driver unless he participated in it, or consented to it.

What proof will be deemed sufficient to show a publication by the city of Watertown of an ordinance regulating the speed of trains while passing through the city.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Jefferson on the 25th day of February, 1895, upon the verdict of a jury rendered after a trial at the Jefferson Circuit, and also from an order entered in said clerk's office denying the defendant's motion for a new trial made upon the minutes.

This action was brought to recover for the alleged negligence of the defendant while running its cars across Rutland street in the city of Watertown, July 5, 1894, at about nine o'clock, P. M. Plaintiff was riding along said Rutland street with one Keech in a carriage, and on approaching the defendant's crossing upon said street was struck by one of the defendant's trains and received injuries which caused the loss of both feet and ankles of the plaintiff; the amputation of both legs between the ankles and knees being necessitated.

Rutland street passes nearly north and south, and the railroad tracks nearly east and west. The train which occasioned the injuries to the plaintiff was due at Watertown at about nine o'clock, and was ten minutes late. As Keech and the plaintiff approached the crossing from the north they passed a church where there was some festivity taking place, and the evidence is somewhat conflicting as to whether the night was light or dark, and there was some

evidence that no bells were rung nor whistles sounded before the train reached the crossing; and the plaintiff testified that he heard no warning until he leaped from the buggy. The engine struck the carriage about the forward wheels, and Keech was killed and the plaintiff jumped from the vehicle and received the injuries mentioned.

Plaintiff was riding in the carriage upon the invitation of Keech, a man about sixty years of age, a farmer, who lived near' Watertown, and for whom the plaintiff worked; and there is evidence that the plaintiff knew nothing of the existence of the railroad. The evidence tended to show that the train approached the crossing at a speed of over twenty-five miles an hour. The defendant's engineer testified, viz.: "I won't swear that we were not running faster than fifteen miles an hour when I crossed Rutland street;" and the fireman said that he would not care to swear that the train was not running faster than twenty miles an hour; and the defendant's conductor testified: "We were going faster than fifteen miles an hour over Hamilton street. We were going between twenty and twenty-five I should judge. We were not going more than probably eighteen or twenty miles over Central street. * * * I will swear we were not going twenty-five. Won't swear we were not going twenty; might be twenty to twenty-two. I think it is about 300 feet from Central street to Rutland street. * * * I will swear we were not crossing Rutland street crossing at a greater speed than fifteen miles per hour. I know very near the speed we were crossing that street that night; of course I could not tell within a second, probably. * * * We were going faster than we ought to, of course; I knew it and didn't try to stop it."

Plaintiff gave evidence tending to show that the city had adopted an ordinance forbidding the running of trains within the city limits faster than five miles an hour, under a penalty.

*Mullin, Griffin & Walker* and *D. G. Griffin,* for the appellant.

*Smith & Smith,* for the respondent.

HARDIN, P. J.:

Upon all the evidence found in the appeal book we are of the opinion that the trial judge properly submitted the question as to

whether the defendant was guilty of negligence in operating the train in question in the manner disclosed by the witnesses at the time the plaintiff's injuries were received, as a question of fact to the jury.

In *Massoth* v. *D. & H. C. Co.* (64 N. Y. 524) it was said: "Irrespective of any ordinance or law regulating the speed of railroad trains, it was a question of fact whether the rate was excessive or dangerous in that locality, and if so found by the jury, and such excessive rate of speed caused the collision, the defendant was liable for the consequences."

A somewhat similar doctrine was restated in *Cordell* v. *N. Y. C. & H. R. R. R. Co.* (70 N. Y. 124).

In *Thompson* v. *N. Y. C. & H. R. R. R. Co.* (110 id. 637) it was said: "The giving of the signals required by law does not, under all circumstances, render the defendant free from negligence if it ran its train at an undue and what might be found to be an improper and highly dangerous rate of speed through a village or city more or less densely populated." (*Towns* v. *R., W. & O. R. R. Co.*, 28 N. Y. St. Repr. 124.)

(2) Upon the evidence given by the plaintiff himself as a witness, and upon the circumstances disclosed in connection therewith by the other evidence in the case, we are of the opinion that the question of whether he was guilty of contributory negligence on the occasion of receiving the injuries complained of was one proper for the jury to determine. Plaintiff had been invited by Keech to ride, and apparently was in possession of his faculties. He was a man some thirty-two years of age, and was in the company of Keech, who was about sixty years of age, and under the circumstances disclosed by the evidence of the plaintiff it was a question for the jury to determine whether Keech was guilty of any negligence in approaching the crossing. The evidence does not indicate that the plaintiff himself affirmatively was guilty of any negligence, or that he co-operated in any affirmative negligent act of Keech. Upon all the evidence disclosed it was for the jury to determine whether the plaintiff was himself free from contributory negligence at the time the injuries complained of were received. (*Masterson* v. *N. Y. C. & H. R. R. R. Co.*, 84 N. Y. 247; *Miller* v. *N. Y. C. & H. R. R. R. Co.*, 82 Hun, 164; S. C., 31 N. Y. Supp.

317; affd., 33 id. 1130; *Chisholm* v. *The State of New York*, 141 N. Y. 246; *McGoldrick* v. *N. Y. C. & H. R. R. R. Co.*, 142 id. 640; *Bennett* v. *N. Y. C. & H. R. R. R. Co.*, 40 N. Y. St. Repr. 948; S. C. affd., 133 N. Y. 563.).

In the latter case (40 N. Y. St. Repr. 948) it was said: "The plaintiff, being a passenger merely, and having no right to direct or control Mulligan, while not excused from exercising care herself, Mulligan's negligence cannot be imputed to her." (Citing *Robinson* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 11; *Masterson* v. *N. Y. C. & H. R. R. R. Co.*, 84 id. 247; *Dyer* v. *Erie Railway Company*, 71 id. 228; *Platz* v. *City of Cohoes*, 24 Hun, 101; *Hoag* v. *N. Y. C. & H. R. R. R. Co.*, 111 N. Y. 199; S. C., 19 N. Y. St. Repr. 80.)

Upon the evidence given at the trial we are of the opinion that the jury was warranted in finding the plaintiff free from negligence contributing to the injuries received. The foregoing views lead to the conclusion that there was no error committed by the trial judge in refusing a motion for a nonsuit "upon the ground that upon the undisputed evidence the defendant is not chargeable with any negligence which contributed to the accident, and upon the undisputed proof it does not appear that the plaintiff himself was in the exercise of any care to prevent the accident or, in other words, that he is chargeable with contributory negligence." We think the motion based upon the grounds mentioned was properly denied, and that the exception to such denial presents no error of which the appellant can avail itself.

The appellant calls our attention to *Bates* v. *N. Y. C. & H. R. R. R. Co.* (84 Hun, 287). In looking into the facts disclosed in that case we find that they differ widely from the facts presented by the testimony in the case at bar, and, therefore, it does not sustain the contention of the appellant in this case.

(3) We think that no error was committed in refusing the request made to the court that it should charge "that the negligence of Keech, to which the plaintiff consented or in which he participated, would defeat the plaintiff's right of action." The request was too broad. It assumed that Keech was guilty of negligence. *Second*, it assumed that the plaintiff consented to such negligence or participated therein. In the body of the charge the court had observed:

" The fact that Keech may have been negligent does not impose liability for negligence on the part of plaintiff. If Keech was negligent, that negligence is not to be imputed to the plaintiff. On the contrary, the plaintiff could not rely upon the guardianship of Keech; he could not negligently permit himself to be in the custody of Keech and depend upon Keech's diligence and prudence, but he must necessarily have depended upon his own judgment, and he was required to give care and diligence himself, notwithstanding Keech may have been negligent." We think the charge as delivered was as fair upon the subject-matter embraced in the request as the defendant was entitled to receive at the hands of the court.

(4) We think that there was sufficient evidence to indicate that the city of Watertown had adopted an ordinance forbidding the running of trains at a greater rate of speed than five miles an hour through its city. In the 33d subdivision of section 8 of title 3 of its charter, which title defines the powers of the common council, authority is given to the common council from time to time to make, ordain and establish such by-laws and ordinances as may be necessary and proper. (See subd. 33, § 8, tit. 3, chap. 714, Laws of 1869.) The charter expressly authorizes the common council to regulate the speed of railroad cars. (See subd. 26 of § 8 of title 3 of the charter.) Subdivision 33 of section 8 of title 3 of the charter provides that such by-laws and ordinances as shall be adopted by the common council " shall be published in such manner as the common council may direct before they take effect." It seems that the common council adopted an ordinance in 1890 providing that it should take effect on the 16th day of October, 1890, which, upon inspection, turned out to be an amendment of a previous ordinance upon the same subject, with the same purport, however, as to the rate of speed at which trains should be operated within the city. At the time of the adoption of the ordinance of 1890, a direction was given that the ordinance should be published in the Watertown *Daily Times* and Watertown *Reunion* before the date of its taking effect. Section 3 of title 2 of said charter, as amended by chapter 810 of the Laws of 1871, provides that the chamberlain shall act as clerk of the common council. There was a certificate of the publication of such ordinance

produced by the chamberlain, as were also certain affidavits of publication of the same. Upon the argument before us the original Exhibit No. 9, as marked at the trial by the reporter, was produced, which purports to be an affidavit made by Charles W. Clare, publisher of the Watertown *Reunion*, to which affidavit is annexed a printed copy of the ordinance, and attached to that affidavit and annexed to the printed copy of the ordinance is the affidavit of Charles E. Cole, publisher of the Watertown *Daily Times*, in which affidavit it is said, " That a notice of which . the annexed is a printed copy has been published in said newspaper." We think the affidavit must be read in connection with the ordinance, of which a printed copy appears attached to the affidavit, and that the objections to the introduction in evidence of the ordinance were properly overruled, and that the exceptions thereto do not present error. (Code Civ. Proc. §§ 926, 941.)

No other exceptions are pressed upon our attention by the brief of the learned counsel for the appellant, nor were any others discussed in the course of his oral argument. Several others seem to have been taken during the trial, but have not been regarded as of sufficient consequence to justify an argument in respect thereto from the appellant's learned counsel. Plaintiff received very serious injuries and no objection is made by the appellant's counsel to the amount of damages awarded therefor. The foregoing views lead us to sustain the verdict.

The judgment and order must be affirmed, with costs.

MARTIN and MERWIN, JJ., concurred.

Judgment and order affirmed with costs.